122 So.2d 561 (1960)
Dorothy HARRIS, Petitioner,
v.
JOSEPHS OF GREATER MIAMI, INC., Old Colony Insurance Company and the Florida Industrial Commission, Respondents.
Supreme Court of Florida.
July 13, 1960.
Rehearing Denied September 19, 1960.
Charles F. Lindsay, Miami, for petitioner.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, Guy A. Gladson, Jr., Perrine, Burnis T. Coleman and Paul E. Speh, Tallahassee, of counsel, for respondents.
MOODY, JAMES S., Circuit Judge.
This is a petition for writ of certiorari to the Florida Industrial Commission seeking review of an order of the Commission affirming an order of the Deputy Commissioner denying claim of petitioner and claimant below, Dorothy Harris.
The only question to be determined is whether there was competent substantial evidence before the Deputy Commissioner in accordance with logic and reason to sustain the finding that there was no causal connection proven between claimant's employment and her injury, namely, a case of contact dermatitis.
Claimant, age 64, was employed by Josephs of Greater Miami, employer herein, and had been so employed for approximately a year prior to December 1956 at which time she developed a dermatitis condition of her hands, arms, and body. She saw *562 several doctors and in April 1957 Dr. Joseph Burns of Miami Beach, a specialist in internal medicine, diagnosed her case as contact dermatitis related to her employment resulting from the use of hair dyes. She was treated, including hospital confinement, and discharged by him in September, 1957. However, she continued to have the same difficulties. On the basis of Dr. Burns' report voluntary compensation payments were paid claimant from May 1957 to July 1958. Claimant filed her claim for further benefits in September 1957. Hearings were held by the Deputy Commissioner and testimony taken of the claimant, Dorothy Harris, her doctor, Dr. Burns, and of Dr. Wiley Sams, a specialist of dermatology, who had been appointed by the Deputy Commissioner to examine claimant. By stipulation reports of Dr. Hollis Garrard covering claimant's condition were filed. The Deputy Commissioner dismissed the claim finding that there was no evidence that any chemical used in claimant's employment caused or aggravated the dermatitis condition. The order was affirmed by the full commission.
The evidence disclosed that claimant had been a beauty parlor operator for over 30 years using chemicals and dyes in her employment during all such period with no prior history of dermatitis. She used rubber gloves to her wrists in such work. In her statements to Dr. Burns and before the Deputy Commissioner her first discomfort was an itching and burning on her hands spreading to her arms and body developing into the usual swelling, blistering and discomfort associated with dermatitis. Dr. Burns testified the disease in his opinion was possibly or probably caused by dyes or some other substance used in her work. He made no tests or any attempt to determine the actual cause of the disease stating that he left that to a "skin man". Dr. Sams made patch tests on claimant using such chemicals and dyes produced and thought by claimant to be the offending substances. The tests were inclusive and the doctor was of the opinion the patches of dermatitis were not the result of occupational exposures but rather an intrinsic inborn characteristic for the development of eczematous dermatitis and other skin disorders. Dr. Garrard's reports stated he did not know what caused the skin condition. It is noted only one doctor expressed an opinion that this was an occupational connected disease, but he had no basis of fact merely stating, without attempting to locate the offending substance, that it was the result of exposure to "dye or whatever else she handles in the shop" and that he "suspected that it was a dye".
Petitioner in effect urges that where an injury is conclusively shown and a logical cause for it is proven as arising out of claimant's employment a presumption arises of causal connection and the burden shifts to the one who seeks to defeat recovery to establish proof that another cause is more logical and consonant with reason. In cases involving diseases or physical defects of an employee as distinguished from external occurrence to an employee such as an automobile accident claimant must prove a causal connection other than by merely showing that it is logical that the injury arose out of claimant's employment or that by a "preponderance of probabilities" it appears that it arose out of such employment. There must be some clear evidence rather than speculation or conjecture establishing a causal connection between a claimant's injury and her employment. Pridgen v. International Cushion Company, Fla., 88 So.2d 286, Tampa Ship Repair & Dry Dock Co. v. Jordan, 107 So.2d 40, Arkin Construction Company v. Simpkins, Fla., 99 So.2d 557, 561.
Medical opinion should follow this same rule based on reasonable medical certainty. The opinion of an expert is not sufficient to eliminate the necessity of proving the foundation facts necessary to support the opinion. In Arkin Construction Company v. Simpkins, supra, it is stated:
"It is elementary that the conclusion or opinion of an expert witness based *563 on facts or inferences not supported by the evidence in a cause has no evidential value. It is equally well settled that the basis for a conclusion cannot be deduced or inferred from the conclusion itself. The opinion of the expert cannot constitute proof of the existence of the facts necessary to the support of the opinion."
For the reasons stated certiorari is denied.
THOMAS, C.J., and TERRELL, HOBSON and O'CONNELL, JJ., concur.