PER CURIAM.
We have heard oral argument on the petition and cross-petition for certiorari to review an order of the Florida Industrial Commission in this Workmen’s Compensation case which reversed in part and affirmed in part an order of a deputy commissioner, awarding certain compensation benefits.
The petition for certiorari is directed to that part of the Full Commission’s order reversing the deputy’s finding and award that petitioner Flora N. Braden suffered a com-pensable occupational disease. The claim for compensation for an occupational disease was filed by petitioner as a result of contracting skin cancers due to exposure to the sun during Petitioner’s course of five years’ employment by the City of Hialeah’s recreational department as a life guard and swimming instructor at the city swimming pools.
However, we do not believe we should disturb the order of reversal of the Full Commission because we find no clear abuse of discretion in its decision. Martin v. Board of County Commissioners, 79 So. 2d 513 (Fla.1955); Ace Delivery Service, Inc., v. Boyd, 111 So.2d 448 (Fla.). From the record we find debatable the issue of fact as to whether the petitioner’s skin cancers were a direct result of exposure to the sun in her employment. During the period of her employment her work subjected her to an unusual degree of exposure to the sun which was intensified by reflection of sunlight from the waters of the swimming pools. The medical testimony in the record does not exclude the possibility that the type of pigmentation of petitioner’s skin (she is a fair-skinned individual) and the chemistry of her body may have made her more susceptible to skin cancer than are the general average of persons subject to similar exposure in the same area. Furthermore, the testimony does not show that had petitioner not been employed as a life guard she would not have contracted skin cancers merely by exposure to the sun to which the average person in the area is habitually exposed. The testimony did not establish that her malady was related to the particular occupational hazard of her employment to the exclusion of her susceptibility to skin cancer under average conditions.
In affirming the order on this point, we note that our affirmance is limited to the particular facts of this case. We are not announcing here a general rule of law applicable to all skin cancer cases or excluding the possibility they may be compen-sable occupational diseases in particular workmen’s compensation cases.
The cross-petition for certiorari is directed to that part of the Full Commission’s order affirming the deputy’s award requiring the employer and its carrier to pay the costs of remedial treatment for petitioner’s skin cancers. There is no basis in the Workmen’s Compensation Law for the Full Commission’s order in this respect. After the Full Commission found that petitioner’s claim for skin cancer as an occupational disease in this particular case was not compensable and dismissed same, there was no predicate for an order requiring payment of the costs of said remedial treatments. Accordingly, we must reverse the Full Commission on this issue.
The petition for certiorari is denied. The cross-petition for certiorari is granted and the order of the Full Commission is quashed and the cause is remanded to the Full Commission with directions to enter an order not inconsistent with this opinion.
It is so ordered.
It is further ordered that the petitioner’s petition for allowance of attorney’s fees be and the same is hereby denied.
THOMAS, Acting C. J., and ROBERTS, DREW, CALDWELL and ERVIN, JJ., concur.