BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the Order of the Florida Industrial Relations Commission reversing the award of compensation and dismissing the claim of petitioner herein.
The Commission found that there was insufficient evidence to establish a causal relationship between claimant’s contact dermatitis and her employment. The sole question presented is whether claimant has met the burden of proof imposed for the establishment of a compensation claim based on an occupational disease.
After argument and on careful consideration 'of the briefs and record, we conclude that claimant has not sufficiently established a relationship between the contact dermatitis and her employment. Evidence, which would be adequate to establish other types of compensation claims, will not meet the requirements of Florida Statutes, § 440.151, F.S.A., relating to occupational disease, which statute is in pertinent part as follows:
“Occupational diseases.—
“(1) (a) Where the employer and employee are subject to the provisions of the workmen’s compensation law, the disablement or death of an employee resulting from an occupational disease as hereinafter defined shall be treated as the happening of an injury by accident, notwithstanding any other provisions of this chapter, and the employee or, in case of death, his dependents shall be entitled to compensation as provided by this chapter, except as hereinafter otherwise provided; and the practice and procedure prescribed by this chapter shall apply to all proceedings under this section, except as hereinafter otherwise provided. Provided, however, that in no case shall an employer he liable for compensation under the provisions of this section unless such disease has resulted from the nature of the employment in which the employee was engaged under such employer and was actually contracted while so engaged, meaning by ’nature of the employment’ that to the occupation in which the employee was so en-
*236 gaged there is attached a particular hazard of such disease that distinguishes it from the usual run of occupations and is in excess of the hazard of such disease in such employment * * *.
“ * * *
“(e) The presumptions in favor of claimants established by § 440.26[1] of this workmen’s compensation law shall not apply to a claim for compensation for an occupational disease under this section.
‡ * >|c
“(2) Whenever used in this section the term ‘occupational disease’ shall be construed to mean only a disease which is due to causes and conditions which are characteristic of and peculiar to a particular trade, occupation, process or employment, and to exclude all ordinary diseases of life to which the general public is exposed.” (e.s.)
In Harris v. Josephs of Greater Miami,[2] this Court affirmed denial of compensation to a beauty parlor operator who sought recovery for contact dermatitis, allegedly resulting from hair dyes and other substances used in her work, stating: [3]
“In cases involving diseases or physical defects of an employee as distinguished from external occurrence to an employee such as an automobile accident claimant must prove a causal connection other than by merely showing that it is logical that the injury arose out of claimant’s employment or that by a ‘preponderance of probabilities’ it appears that it arose out of such employment. There must be some clear evidence rather than speculation or conjecture establishing a causal connection between a claimant’s injury and her employment.” (e.s.)
In Braden v. City of Hialeah,[4] claimant contracted skin cancers due to exposure to the sun during the course of her five years’ employment by the City’s recreational department as a lifeguard and swimming instructor at the City’s swimming pools. Claim was filed for compensation for an occupational disease. The deputy commissioner awarded compensation benefits, the Full Commission reversed and this Court affirmed, stating:[5]
“From the record we find debatable the issue of fact as to whether the petitioner’s skin cancers were a direct result of exposure to the sun in her employment. During the period of her employment her work subjected her to an unusual degree of exposure to the sun which was intensified by reflection of sunlight from the waters of the swimming pools. The medical testimony in the record does not exclude the possibility that the type of pigmentation of petitioner’s skin (she is a fair-skinned individual) and the chemistry of her body may have made her more susceptible to skin cancer than are the general average of persons subject to similar exposure in the same area. Furthermore, the testimony does not show that had petitioner not been employed as a life guard she would not have contracted skin cancers merely by exposure to the sun to which the average person in the area is habitually exposed. The testimony did not establish that her malady was related to the particular occupational hazard of her employment to the exclusion of her susceptibility to skin cancer under average conditions.”
This Court quashed an award of compensation based on a claim of dermatitis as *237 an occupational disease in Screen Art Posters, Inc. v. Quinn,[6] holding:
“In the record before us we find no evidence to support the deputy’s finding that claimant’s dermatitis is an occupational disease within the statutory definition. There is no competent substantial evidence to show that any of the substances allegedly used by claimant in his work caused the dermatitis. The testimony of both doctors was that there was no functional disability of claimant’s arms. The only limitition (sic) is that he should not expose himself to any chemicals which could cause a recurrence of the dermatitis, the chemicals being unidentified.”
In Giglio v. Hillsborough County,[7] contact dermatitis was held not established as an occupational disease by a janitor whose hands were admittedly exposed to wet products, grease, detergent and janitorial supplies in his work.
In contrast to the Harris, Braden, Quinn and Giglio cases, supra, compare the evidence produced by claimant, a wet cook, to establish contact dermatitis as an occupational disease in Wesley’s, Inc. v. Caramello.[8] This evidence included positive results of patch tests of two substances used by claimant in his work as well as supporting medical and lay testimony.
The record in the instant case is made up of the testimony of claimant and brief medical reports of two doctors. The evidence establishes that claimant suffered some form of contact dermatitis. Her work as a baker at Morrison’s Cafeteria on the Naval Air Station required her to clean off the baking tables. For this purpose she used “Tide”, the detergent provided by her employer, taking it out of the box with a small scoop. One day as she scooped out the detergent, she felt her hand burn. Thereafter, she suffered burning, itching and redness of the hands, arms and eyes and was treated at the Naval Air Station dispensary. She used gloves at work but her condition did not improve. Her employer sent her to Dr. Mitchell, who treated her with some success and said she had “detergent burn.”
Dr. Mitchell sent claimant to Dr. Far-rington, a skin specialist, whose diagnosis was unfavorable to claimant’s contention that her condition was work-connected. Claimant testified that she washed her own clothes, did dishes and cleaned her house.
In holding the claim compensable, the Judge of Industrial Claims relied on the report of Dr. Mitchell as to causal connection. The following entries on this report are relied on as establishing claimant’s condition as an occupational disease:
“Patient’s Description of Accident
“She has breaking out on both arms and hands from detergent used in cleaning. She has itching and redness in both eyes.
« * ^
“Describe Nature of Injury
“Severe Contact dermatis (sic) of both hands.”
In his letter of March 20, 1969, to the Claims Department of the employer, Dr. Mitchell reported:
“When she was discharged on 1-28-69 her hands were completely free from evidence of the dermatitis at that time. She stated her hands had stayed clear until she had put them in the same detergent that she had previously been using even though she was wearing gloves. She stated the detergent gets inside her gloves and directly on her hands.”
The report of Dr. Farrington, dermatologist, in the record states:
"Diagnosis (include X-Ray findings and causal relationship to injury)
*238 “In my opinion, she has a localized neu-rodermatitis (lichen simplex chronicus) which is neither caused by nor has it been aggravated by the conditions of her employment. It is further my opinion that she does not have a compensable disease.”
The foregoing evidence is inadequate, under Florida Statutes § 440.151, F.S.A., and the cases heretofore cited, to establish that claimant’s contact dermatitis is an occupational disease. The Full Commission correctly held that claimant had failed to prove a sufficient causal relationship. Despite the inadequacies of the record, however, the majority of the Court is disposed to afford the claimant additional opportunity to meet the requirements of Florida Statutes § 440.151, F.S.A., relating to occupational disease. Further evidence is necessary to establish that claimant’s contact dermatitis results from the substances used in her employment.[9] This requires identification of the chemicals involved and the manner and amount of exposure. If the substance causing the dermatitis is shown to be the common household detergent claimant used to clean the baking tables, the Judge of Industrial Claims must find that the extent and manner of her exposure exceeds that of the “general public” [10] so as to constitute a “particular hazard” [11] of her employment as required by the Statute.
Accordingly, certiorari is granted and the cause remanded with directions to remand to the Judge of Industrial Claims to hold such further hearings or receive such further evidence as the parties desire to submit in accordance with the views herein expressed. Provided, however, that if no additional hearings are held or evidence submitted within ninety (90) days from this opinion, the claim shall stand dismissed and the order of the Full Commission affirmed.
It is so ordered.
ROBERTS, C. J., and McCAIN and DEKLE, JJ., concur.
ERVIN, J., concurs specially with opinion.

.“440.26. Presumptions. — In any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary:
“(1) That the claim comes within the provisions of this chapter. * * * ”

. 122 So.2d 561 (Fla.1960).

. Id. at 562.

. 177 So.2d 235 (Fla.1965).

. Id. at 236.

. 198 So.2d 324, 325 (Fla.1967).

. 156 So.2d 853 (Fla.1963).

. 197 So.2d 819 (Fla.1967).

.The Full Commission noted: “If such testimony and evidence can constitute competent substantial evidence for a finding of causal relation in an occupational disease claim, then every such claim would of necessity be work connected since in every case with few exceptions the claimant testified to a contact with some substance which may be found at their employer’s.”

. Fla.Stat. § 440.151(2), F.S.A.

. Fla.Stat. § 440.151(1) (a), F.S.A.