378 So.2d 801 (1979)
Barbara CROWELL, Appellant,
v.
SOUTH BROWARD HOSPITAL DISTRICT, a/K/a Memorial Hospital, Appellee.
No. OO-199.
District Court of Appeal of Florida, First District.
December 7, 1979.
Rehearing Denied January 25, 1980.
Roland Gomez of Ress, Gomez, Rosenberg & Howland, P.A., North Miami, for appellant.
Charles T. Kessler of Pyszka, Kessler & Adams, Fort Lauderdale, for appellee.
PER CURIAM.
Appellant/claimant seeks review of an order of the judge of industrial claims contending the judge erred in denying her claim for additional compensation as a penalty, plus an attorney's fee pursuant to Sections 440.20(6) and 440.34, Florida Statutes (1977). We affirm.
An order approving a joint petition and stipulation for lump sum payment of compensation *802 pursuant to Section 440.20(10), Florida Statutes (1977), was entered June 28, 1978. The appellee/employer did not mail a check in accordance with the order until July 19, 1978, twenty-one days after the order was entered. At the time the order was entered, the personnel director in charge of the employer's self-insured workman's compensation program was on vacation. Upon his return July 10, 1978, the personnel director expeditiously requested an approval for payment, and the payment was mailed as soon as the check was issued by the accounting department. The evidence also revealed that the claimant had returned to work prior to entry of the order. The judge found, further, that there was no intent on the part of the employer to delay payment to the claimant. Considering the totality of the circumstances, the judge determined that there was an equitable basis for excusing the statutory penalty allowable under Section 440.20(6), Florida Statutes (1977).
Under the circumstances presented in this case, we find that denial of penalties on an equitable basis was within the sound discretion of the judge of industrial claims. Since we find no abuse of that discretion, the order is affirmed.
McCORD, Acting C.J., and LARRY G. SMITH and SHIVERS, JJ., concur.