396 So.2d 848 (1981)
HILLSBOROUGH COUNTY SCHOOL BOARD and Insurance Company of North America, Appellants,
v.
Jo A. BIGOS, Appellee.
No. XX-101.
District Court of Appeal of Florida, First District.
April 13, 1981.
Richard G. Davis of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellants.
Richard A. Bokor, Tampa, for appellee.
MILLS, Chief Judge.
The Hillsborough County School Board and its workers' compensation carrier appeal a determination of the Deputy Commissioner that the contraction of infectious *849 hepatitis by a teacher was compensable under the workers' compensation law. We reverse.
Jo A. Bigos is a physical education teacher in an elementary school who came down with infectious hepatitis in January of 1979. She attributed her hepatitis with having been in contact with one Jamie Knipper who was shown also to have had infectious hepatitis in January of 1979. She recalled that before the Christmas vacation in December of 1978 Jamie had come up to her in class and said that he didn't feel well and she had touched his face to see if he had a fever on at least one and possibly more than one day.
Infectious hepatitis is easily transmitted, usually through contact with body fluids, such as saliva. Claimant testified that Jaime was in the last class before lunch and that when she went to lunch she did not always have time to wash her hands before eating.
The incubation period for infectious hepatitis is two to six weeks. Bigos testified that there were other students who came down with hepatitis around the same time, but she did not know their names and there was no evidence introduced as to any students other than Jamie.
Dr. Worth Boyce, who was accepted as an expert in gastroenterology, testified that he could not say within a reasonable medical probability who got what from whom; Jamie could have gotten the disease from Bigos or vice versa, or both of them could have gotten it from someone else. He said one cannot prove medically that one particular person transmitted infectious hepatitis to a second person although a presumption can be made based on history. He specifically stated that hepatitis is a common virus infection. As for whether teachers are more likely to get hepatitis than others, Dr. Boyce stated, in essence, that he knew of no scientific basis for saying so, but it would be reasonable to assume that a person who is around a large group of people is more likely to get hepatitis than anyone else.
Bigos made the claim for workers' compensation benefits under three theories: occupational disease, trauma (entry of virus), or exposure. The order of the Deputy Commissioner stated as follows:
There were obvious opportunities for the passage of the hepatitis bacteria to be passed from Jamie to the Claimant and the incubation period and periods of illness fit almost precisely to lead to the unerring conclusion, in the absence of any other cause of the infection of Type A hepatitis in the Claimant, that this infectious hepatitis was passed from Jamie Knipper to the Claimant while the Claimant was in the course and scope of her employment and arising out of such employment.
I therefore find that the Claimant, Jo A. Bigos, suffered an injury (Type A hepatitis, viral type) arising out of and in the course of her employment on or about January 15, 1979, and that she thereafter suffered temporary disability and medical expenses.
We reverse the finding of compensability because the facts in the record fail to show a causal connection between Bigos' contraction of hepatitis and her employment. Under the Supreme Court's ruling in Harris v. Josephs of Greater Miami, 122 So.2d 561 (Fla. 1960), where the injury at issue involves a disease as distinguished from an external occurrence to an employee such as an automobile accident, the "claimant must prove a causal connection other than by merely showing that it is logical that the injury arose out of claimant's employment... . There must be some clear evidence rather than speculation or conjecture establishing a causal connection between the claimant's injury and her employment." (122 So.2d at 562) See also D'Avila, Inc. v. Mesa, 381 So.2d 1172 (Fla. 1st DCA 1980). The evidence here falls short of this standard because the testimony of the doctor is based entirely on history and on what could possibly have occurred. He was unable to state, for example, that even if the incidents of hepatitis by Bigos and Jamie were causally related, it could be determined which one caused the illness in the other. *850 Under these circumstances, we find that there was no competent substantial evidence to support the finding that the infectious hepatitis was passed from Jamie to Bigos or the resulting finding of a causal connection between her injury and her employment.
REVERSED.
SHAW and JOANOS, JJ., concur.