419 So.2d 1156 (1982)
PAVER DEVELOPMENT CORPORATION and Aetna Insurance Company, Appellant,
v.
Patrick McDEVITT, Appellee.
No. AH-234.
District Court of Appeal of Florida, First District.
September 29, 1982.
R. Clark Robinson of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., St. Petersburg, for appellant.
Alex P. Lancaster, Sarasota, for appellee.
MILLS, Judge.
In this workers' compensation appeal, we affirm the deputy commissioner's assessment *1157 of a 20 percent penalty against Paver Development and Aetna, employer/carrier (E/C), pursuant to Section 440.20(8), Florida Statutes (1981).
The following facts are pertinent:
23 June 1981  The deputy commissioner ordered the E/C to pay compensation to McDevitt, the claimant herein.
15 July 1981  Aetna sent the check for McDevitt to Robinson, the E/C's attorney.
23 July 1981  Robinson received the check in the mail.
27 July 1981  Robinson sent McDevitt's check to Lancaster, the claimant's attorney.
29 July 1981  Lancaster received the check in the mail.
The E/C first contend that payment was timely made on 15 July 1981 since that was the date the check was mailed. This contention is without merit. Clay Hyder Truck Lines v. Atherton, 400 So.2d 1295 (Fla. 1st DCA 1981), is inapplicable. The "date of mailing" in that case refers to the date of mailing to claimant or his attorney, not the date of mailing to the E/C's attorney.
The E/C next contend that the deputy commissioner's order is insufficient as a matter of law because it contains no ultimate findings of fact or conclusions. Four Quarters Habitat, Inc. v. Miller, 405 So.2d 475 (Fla. 1st DCA 1981). Though the order might be more complete, it is legally sufficient. It states that "through error and omission or oversight, the draft was not forwarded by mail until after the 30th day."
Finally, the E/C contend that because payment was not intentionally delayed, the deputy commissioner erred in assessing the penalty. In Crowell v. South Broward Hospital District, 378 So.2d 801 (Fla. 1st DCA 1979), this Court upheld the denial of a penalty where the judge found no intent on the part of the employer to delay payment to the claimant. However, the E/C's interpretation of Crowell is incorrect. That case does not hold that penalties must be excused where there is no intent to delay. The assessment of a penalty is within the discretion of the deputy commissioner. We find no abuse of that discretion.
AFFIRMED.
ERVIN and WIGGINTON, JJ., concur.