WIGGINTON, Judge.
Appellant City of Miami, a self-insured employer, appeals the deputy commissioner’s order finding appellee’s mononucleosis compensable and directing appellant to pay appellee approximately three weeks of temporary total disability benefits and appel-lee’s medical bills. We reverse.
Appellee, a thirty-eight year old firefighter-paramedic, allegedly contracted mononucleosis when, while attempting to provide emergency treatment to a self-avowed drug user, an intravenous needle that had been inserted into the arm of the rescuee, Mr. James, became dislodged and punctured appellee’s hand. The evidence also shows that the rescuee spat into the face of appellee. Due to the puncture wound, ap-pellee was treated at the emergency room of a hospital with shots to protect against hepatitis. Several weeks later, appellee was diagnosed as having mononucleosis, as a result of which he missed approximately three weeks of work.
At deposition, a hypothetical question framing the composite factual situation of this case was posed to Dr. Henriquez, the treating physician, who responded: “My opinion is that it is very possible that Mr. Wilson got mononucleosis from that source [James].” Upon closer inquiry, he amended his word “possible” to “probable.” He further stated that for James to have transmitted mononucleosis to appellee, James obviously would have had to have been a carrier of the disease. Relying on the testimony of Dr. Henriquez, the deputy commissioner found that appellee’s mononucleosis was compensable and awarded benefits accordingly.
We agree with appellant that the deputy commissioner erred in his ruling due to the fact that appellee failed to adequately show a causal connection between an industrial injury and his contraction of mononucleo *1166 sis. Although appellee produced proof of a work related injury, the puncture wound, he presented absolutely no evidence to show that James either had mononucleosis or was a carrier thereof. Thus, there is no proof that appellee’s contact with James through the puncture wound or saliva was the transmitting link that resulted in appel-lee’s contraction of the disease.
This Court’s recent opinion in Department of Corrections, Avon Park Correctional Institute and Division of Risk Management v. Lussier, 451 So.2d 968 (Fla. 1st DCA 1984) resolved a similar issue involving proof of causal relationship with the disease hepatitis, holding that the doctor’s opinions and conclusions were not competent and sufficient as they were based on a fact not in evidence, i.e., that the alleged transmitter had carried the particular strain of hepatitis contracted by the claimant. Under the circumstances of the instant case, as in Lussier and the cases cited therein, we find no competent substantial evidence to support a finding of causal relationship between appellee’s injury and his contraction of mononucleosis. Accordingly, we hold that the deputy commissioner’s conclusion was error and the award of compensation benefits must be reversed. See Hillsborough County School Board v. Bigos, 396 So.2d 848 (Fla. 1st DCA 1981) and Harris v. Josephs of Greater Miami, Inc., 122 So.2d 561 (Fla.1960).
REVERSED.
MILLS and SHIVERS, JJ., concur.