496 So.2d 168 (1986)
CITY OF FT. LAUDERDALE, Appellant,
v.
Ann LINDIE and Division of Workers' Compensation, Appellees.
No. BI-318.
District Court of Appeal of Florida, First District.
September 23, 1986.
Rehearing Denied November 5, 1986.
Gregory G. Coican, of Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberly, P.A., Ft. Lauderdale, for appellant.
*169 Peter S. Schwedock, Miami, for appellees.
NIMMONS, Judge.
City of Ft. Lauderdale, the claimant's self-insured employer, appeals an order of the deputy commissioner finding claimant's Herpes Simplex I to have arisen from a compensable accident in the course and scope of employment. The employer contends that there was no competent substantial evidence of a causal connection between claimant's illness and her employment. We agree and reverse the award of benefits.
The claimant is a 40 year old paramedic/ambulance driver. The facts are essentially undisputed and are as appear in the deputy's order:
On November 24, 1984, Claimant, along with Lieutenant Donald Petrillo, were sent to Dixie Court in Fort Lauderdale to render aid to a pedestrian who had been struck by a motor vehicle. According to Ms. Lindie, the injured victim had suffered multiple lacerations on his face, had a running nose because he had been crying, appeared to have sores in the corners of his mouth, and was covered with blood.
In this particular situation, Claimant rendered immediate aid to the injured victim, including cleansing his wounds on his face and checking his head and face for any additional injuries which meant she was obliged to touch him about the face including an examination of his mouth. After the examination, and for a time after until she returned to the fire station, her hands were covered with the victim's blood and bodily fluids, including his mucous.
On the morning of November 24, 1984, before she went out on a call, Claimant Ann Lindie had sustained a small cut on her left hand, on her palm, said cut being treated with first aid cream at the time it occurred, but not being covered by any bandage later when she rendered aid to the victim. Some days later, on November 30, 1984, Claimant began noticing a small blister-like area in the site of her cut on the left hand and by December 2, it bothered her to the extent that she was obliged to go to the Plantation General Hospital Emergency Room for treatment.
After several attempts at treatment, Lindie was diagnosed as having Herpes Simplex I. She filed for workers' compensation benefits including temporary total disability benefits, medical care and attorney's fees. The employer denied compensability, contending that there was no adequate showing that the claimant's illness was caused by her exposure to the above-referred injury victim.
Two witnesses testified before the deputy commissioner  the claimant and Dr. Gewirtzman, her treating physician. In addition to the above facts, the claimant acknowledged that she was not an expert in Herpes or related disorders and was unable to say whether the lesions she saw on the pedestrian's face were caused by Herpes. Her physician testified that he could not say whether the pedestrian had Herpes. He also testified that the lesions on the pedestrian's face, as described by the claimant, are a common symptom of a number of disorders, including Herpes. The employer contends that there is not competent substantial evidence that the claimant contracted Herpes Simplex I from the injured pedestrian. We agree.
There must be clear evidence, rather than conjecture or speculation, to establish the causal connection between the disease and the employment. Harris v. Joseph's of Greater Miami, 122 So.2d 561 (Fla. 1960). There is no evidence that the pedestrian actually had Herpes.[1] As the deputy noted during the hearing, "It's speculation to say whether he had it or he didn't have it."
*170 In City of Tamarac v. Varellan, 463 So.2d 479 (Fla. 1st DCA 1985), we reversed an award of benefits where a police academy trainee contracted hepatitis after training in an algae-filled swimming pool. In that case, although the algae-filled swimming pool was the best guess as to where the disease came from, there was no evidence that it actually contained the disease. Similarly, in Department of Corrections v. Lussier, 451 So.2d 968 (Fla. 1st DCA 1984), this court reversed an award of benefits where a dentist for the Department of Corrections contracted Non A Non B hepatitis sometime after treating a prisoner known to have suffered hepatitis. In that case, blood tests showed that the patient had suffered both type A and type B hepatitis at some time, but it was unknown whether he suffered Non A Non B hepatitis at the time of the alleged exposure.
The claimant urges us to rely on the logical cause doctrine to establish the causal relationship between treatment of the pedestrian and claimant's disease. The logical cause doctrine has been stated as follows:
[W]hen a serious injury is conclusively shown and a logical cause for it is proven, he who seeks to defeat recovery for the injury has the burden of overcoming the established proof and showing that another cause of the injury is more logical and consonant with reason.
Wilhelm v. Westminster Presbyterian Church, 235 So.2d 726, 728 (Fla. 1970). That doctrine is not available to replace missing elements of proof, but rather comes into play once the claimant has sufficiently proven the cause so as not to deprive claimant of benefits merely because there are other imaginable causes. As stated in Harris v. Josephs of Greater Miami, Inc., 122 So.2d 561 (Fla. 1960):
In cases involving diseases or physical defects of an employee as distinguished from external occurrence to an employee such as an automobile accident claimant must prove a causal connection other than by merely showing that it is logical that the injury arose out of the claimant's employment or that by a "preponderance of probabilities" it appears that it arose out of such employment. There must be some clear evidence rather than speculation or conjecture establishing a causal connection between a claimant's injury and her employment.
Id. at 562. See, also, Department of Corrections v. Lussier, supra, 451 So.2d at 969.
In the present case, the evidence was such that the deputy's finding that the claimant contracted Herpes Simplex I from the injured pedestrian was speculation or conjecture. Such cannot form the basis for an award of benefits.
REVERSED.
FRANK, RICHARD H., (Associate Judge) concurs.
BARFIELD, J., dissents with written opinion.
BARFIELD, Judge, dissenting:
I respectfully dissent. While the majority opinion is a thorough and accurate analysis of the case, I disagree with the position that a medical opinion based on reasonable medical probability is required to conclude that the unidentified accident victim suffered from Herpes Simplex I.
The facts of this case are distinguishable from the cases cited in the majority opinion because in this instance there was direct evidence of the presence of sores in the mouth of the accident victim. The question in this case is whether those sores can be concluded to form the source of Herpes Simplex I virus. The record contains the medical opinion that the accident victim's symptoms while consistent with other disorders were also consistent with Herpes Simplex I. It is within the province of the deputy commissioner as factfinder to infer from this testimony together with all the other evidence that the accident victim suffered from Herpes Simplex I. Given that one permissible inference, it follows by *171 substantial competent evidence that claimant suffered a compensable injury.
NOTES
[1] The claimant testified that she was unable to determine the identity of the pedestrian. Presumably, this accounted for the absence of any evidence of an examination of such person to determine whether he had Herpes.