568 So.2d 65 (1990)
DEPARTMENT OF TRANSPORTATION, Department of Insurance, Division of Risk Management and Crawford & Company, Appellants,
v.
Luis MONTERO, Appellee.
No. 89-2610.
District Court of Appeal of Florida, First District.
August 6, 1990.
David W. Black, of Atkinson, Jenne, Diner, Stone & Cohen, Hollywood, for appellants/cross-appellees.
Pamela Fleischmann, Joseph C. Segor, Miami, for appellee/cross-appellant.
WENTWORTH, Judge.
The employer/servicing agent appeal a workers' compensation order by which claimant was awarded temporary total disability and temporary partial wage loss benefits, and interest on a prior payment. Claimant cross-appeals the denial of a penalty *66 on the prior payment. We remand the cause for further findings on the issue of penalties, and otherwise affirm.
Claimant sustained industrial injuries while working for the employer when he was struck in the back of the head and neck by a swinging door. This accident produced both physical and psychiatric injuries. Surgery was performed for the physical injury, and claimant received psychiatric treatment for the resulting psychiatric condition. Claimant expressed a desire to return to his family home in Costa Rica and the treating psychiatrist suggested that this might improve claimant's prospects for recovery. After claimant moved to Costa Rica a Florida workers' compensation order was entered in 1988 determining that claimant had attained maximum medical improvement as to his physical condition, but not as to his psychiatric condition, and awarding temporary total disability benefits.
Claimant eventually obtained work with a family friend in Costa Rica. Claimant's wages in this employment were less than his pre-injury earnings, and he sought temporary partial wage loss benefits. At a hearing on this claim the employer/servicing agent sought to present evidence comparing the economic conditions in Costa Rica with those in the United States. The judge properly declined to allow this evidence, which included testimony comparing the prevailing rate of pay, standard of living, and social services available in the two countries. While a disparate economic base could impact a claimant's post-injury earnings, such disparity might also exist between different geographical regions and locales within the United States, or within the state of Florida. An injured worker is not confined to living in the pre-injury location, and absent an improper motivation a departure therefrom does not preclude compensation benefits. See Lykes Bros. Inc. v. Jackson, 461 So.2d 247 (Fla. 1st DCA 1984). Claimant's move to Costa Rica was not shown to have involved any improper motivation, and it was expressly approved by claimant's treating psychiatrist as potentially aiding claimant's recovery. The employer/servicing agent's proffered evidence did not fully and precisely quantify the available social services and other comparative economic factors, and there is no statutory provision in the Florida Workers' Compensation Law which expressly authorizes such a comparison. Other evidence at the hearing established the necessary causal relationship between claimant's industrial injury and the resulting wage loss, as required by section 440.15(4), Florida Statutes. Cf., City of Clermont v. Rumph, 450 So.2d 573 (Fla. 1st DCA 1984). Claimant's wage loss was not based solely upon economic conditions, and the proffered evidence as to comparative economic standards was properly disallowed.
At the conclusion of the hearing the judge entered an order finding that claimant has still not attained maximum medical improvement from the psychiatric condition, and awarded claimant additional temporary total disability benefits until he began working, and temporary partial wage loss benefits thereafter. The record evidence is sufficient to support these findings and awards. Even if claimant's underlying physical condition has resolved with a residual limitation which might not affect claimant's employability, the related psychiatric condition is a physical limitation which continues to be compensable. See generally, Prahl Bros. Inc. v. Phillips, 429 So.2d 386 (Fla. 1st DCA 1983).
The judge also awarded statutory interest in accordance with section 440.20(9), Florida Statutes, on a prior payment of compensation. It was established that in July 1988 the employer/servicing agent sent a compensation check to claimant's attorney pursuant to the attorney's instructions. The attorney then mailed the check to claimant in Costa Rica, but it was apparently stolen and cashed by another individual. The employer/servicing agent was made aware of this circumstance by August 1988 and the money was thereafter recovered, partly through the effort of claimant's attorney, and credited to a State of Florida banking account on January 4, 1989. The employer/servicing agent were on notice of this credit as of January 5, but did not reissue and mail a proper compensation check until February 22. Interest was awarded for this delay, which we find *67 to be a sufficient predicate for an award of statutory interest.
The judge declined to award any corresponding penalty, and it has been indicated that penalties may be excused upon an equitable basis where there has been no intent to effect any delay. See Crowell v. South Broward Hospital District, 378 So.2d 801 (Fla. 1st DCA 1979). The judge's decision in this regard is sometimes described as a matter of discretion. See Paver Development Corp. v. McDevitt, 419 So.2d 1156 (Fla. 1st DCA 1982). However, in addressing the issue of penalties the judge is obligated to recite the ultimate facts and conclusions supporting the decision. See Jupiter Marine v. Spoelstra, 528 So.2d 1270 (Fla. 1st DCA 1988); Stardust Motel v. St. Claire, 418 So.2d 1151 (Fla. 1st DCA 1982). The order in the present case fails to contain such recitations, and does not delineate the basis upon which the assessment of a penalty was denied. Since the appealed order does not indicate the basis for this ruling, the denial of a penalty must be reversed and the cause remanded for further findings as to this matter.
The order appealed is reversed as to the denial of a penalty. The order is otherwise affirmed, and the cause remanded.
SMITH and WIGGINTON, JJ., concur.