566 So.2d 595 (1990)
HIDDEN HARBOR BOATWORKS and Liberty Mutual Insurance Company, Appellants,
v.
William K. WILLIAMS, Appellee.
No. 89-2494.
District Court of Appeal of Florida, First District.
September 12, 1990.
*596 Victoria H. Pflug, of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, P.A., Sarasota, for appellants/cross-appellees.
Alex Lancaster, P.A., Sarasota, for appellee/cross-appellant.
MINER, Judge.
The employer/carrier (e/c) appeal an order of the Judge of Compensation Claims (JCC) finding that claimant's diffuse brain damage, visual pathway cerebral dysfunction, fatigue, depression, and decreased vibration sensibility in his legs were causally related to industrial exposure to toxic fumes and that the claimant suffered a permanent impairment (PPI). The claimant cross-appeals the JCC's denial of his claim for permanent total disability (PTD) benefits, applying deemed earnings and denying penalties. We affirm in part, and reverse in part.
The vantage point of this court is not inferior to that of the JCC in interpreting medical deposition evidence. Therefore, it is in as good a position to evaluate and weigh the medical testimony as the JCC since the parties introduced all medical testimony by depositions. See Haga v. Clay Hyder Trucking Lines, 397 So.2d 428, 431 (Fla. 1st DCA 1981); McCabe v. Bechtel Power Corp., 510 So.2d 1056, 1059 (Fla. 1st DCA 1987). Under the exposure theory, we find it demonstrates competent substantial evidence of a causal relationship between the claimant's toxic work exposure and his resulting symptomatology. See Lake v. Irwin Yacht & Marine Corp., 398 So.2d 902 (Fla. 1st DCA 1981). We find the medical opinions the JCC relied upon are not based upon speculation or conjecture but upon a competent chain of evidence, reasonable inferences, and subjective, objective and deductive diagnosis which sufficiently laid the predicate for the doctors' opinions rendered within a reasonable medical probability. Moreover, we find that the e/c failed to overcome the established proof by competent substantial evidence that another cause of injury is more logical and consonant with reason under the logical cause doctrine. See City of Ft. Lauderdale v. Lindie, 496 So.2d 168 *597 (Fla. 1st DCA 1986), review denied, 506 So.2d 1042 (Fla. 1987).
So long as there is a reasonable expectation that further improvement is possible, a claimant cannot be considered to have reached MMI. Aino's Custom Slip Covers v. DeLucia, 533 So.2d 862, 864 (Fla. 1st DCA 1988). Because no medical expert testified that the claimant reached MMI on September 15, 1986, or any other date, and since all medical experts testified that they noted and expected some improvement in claimant's symptoms after that date, we reverse the JCC's finding the claimant reached MMI on September 15, 1986, as unsupported by competent substantial evidence. We therefore do not address the remaining issues of PPI, PTD and deemed earnings. On remand, the JCC shall reconsider MMI, taking further evidence if necessary, and conduct further proceedings consistent with this opinion. We also reverse the JCC's denial of penalties for failure to recite ultimate facts and conclusions supporting the decision. See Dep't of Transportation, et al. v. Montero, 568 So.2d 65 (Fla. 1st DCA 1990).
The order on appeal and cross-appeal is AFFIRMED as to causation. The order is otherwise REVERSED and REMANDED as to the remaining issues on appeal.
SHIVERS, C.J., and JOANOS, J., concur.