KAHN, Judge,
dissenting.
This court is never permitted to substitute its judgment for that of the judge of compensation claims. Nonetheless, we must “guard against fanciful or arbitrary abuse of discretion in workers’ compensation cases_” Ullman v. City of Tampa Parks Department, 625 So.2d 868, 873 (Fla. 1st DCA 1993). Where the factual foundation for medical testimony is absent, such testimony lacks the necessary probative value to support a finding of causation. Gold Coast Paving Co., Inc. v. Fonseca, 411 So.2d 259 (Fla. 1st DCA 1982). In this case, I conclude that the judge abused her discretion. The opinion testimony from Dr. Gotkin that is critical to the decision under review is not supported by evidence of record.
Susan Sloan consistently took the position in this case that she suffered a discrete injury to her foot in September 1991 while loading parts into cages at her place of employment. The following comments taken from her depositions are typical: “It happened sometime in September, yes sir ... I went to the doctor three weeks after the accident.” “I was loading the cages ... I felt a sharp pain ... in my right foot....” “I told (Dr. Gotkin) I hurt my foot and I don’t know what caused the pain ... I told him I was lifting something heavy when I hurt it.” Sloan also told her supervisor that she had hurt her foot loading the parts. According to Sloan, this was the type of activity she engaged in daily and she never felt any pain in her foot before.
I acknowledge that Dr. Gotkin testified that when he first saw Sloan on October 2, 1991, she had “severe sharp shooting pain ... characterized by gradual onset ... the duration of the condition was approximately three weeks.” This is simply at odds with Sloan’s testimony that she felt a sharp pain in her foot on the date of the accident, and thereafter was required by that pain to limp up until the time she saw Dr. Gotkin. I have reviewed Dr. Gotkin’s office chart for Sloan and note that his entry of October 2, 1991 does indicate three weeks duration with increased complaints, but does not indicate gradual onset.
The primary issue tried in this case was whether Sloan timely reported the workers’ compensation injury to her employer after the September 1991 accident that she described. Judge Devonmille found in favor of the claimant on the notice question. The judge did this by finding that the accident never happened as Sloan testified, but rather, “instead, I find that the claimant sustained a gradual onset of her symptoms, which culminated in early 10/91, with her visit to Dr. Gotkin.” Despite Sloan’s direct and unequivocal testimony that she hurt herself on the job, Judge Devonmille found “that the claimant was reasonably unaware that her condition was causally related to her employment.” The JCC then went on to find the injury compensable under the repetitive trivial trauma theory. Thus, irrespective of Sloan’s testimony that she hurt herself in September of 1991 while performing a job-related task, the judge found, not only that this did not happen, but that “the claimant was reasonably unaware that her condition was causally related to her employment until she first saw Mr. Lloyd (her workers’ compensation lawyer).” Under this reasoning, the JCC excused the 30-day notice under section 440.185, Florida Statutes (1991), and found that notice several months later was *1202 timely. Benefits were then awarded under the repetitive trauma theory.
The trouble with this approach is the utter lack of evidence to support the gradual onset theory. A proffer of expert opinion, in this case Dr. Gotkin’s testimony, is not sufficient to eliminate the necessity of proving the foundation facts necessary to support the opinion. Harris v. Joseph's of Greater Miami, Inc., 122 So.2d 561, 562 (Fla.1960). I would reverse because the record contains no competent substantial evidence to support the claim that Sloan’s tibial tendonitis was caused by repetitive trivial trauma.