PER CURIAM.
Cargill, Inc., and Sedgwick James of Florida appeal an order of the judge of compensation claims (JCC) finding Deborah Jeffers’ reactive airway disease/occupational asthma compensable under an exposure theory. Because there was no competent, substantial evidence in the record revealing that Jeffers’ exposure to any chemical agent was prolonged or causally related to her respiratory ailment, we reverse. In reaching his decision, the JCC relied upon the expert opinions of two physicians, each of whom concluded that Jeffers’ exposure to hazardous chemicals at the chicken hatchery where she was employed resulted in her occupational asthma. Claimant’s treating pulmonologist based his opinion on a list of chemicals located at Jef-fers’ place of employment, some of which are well-known airway irritants. The court-appointed pulmonologist’s opinion in turn relied on the treating physician’s deposition testimony regarding the list. Nevertheless, neither Jeffers nor the physicians identified the circumstances of Jeffers’ purported exposure. In the absence of any evidence of exposure, the JCC erred in finding the claim compensa-ble. Hamilton v. Stamas Yachts, 496 So.2d 230 (Fla. 1st DCA 1986). See Lake v. Irwin Yacht & Marine Corp., 398 So.2d 902 (Fla. 1st DCA 1981) (the opinion of an expert witness has no evidential value when based on facts or inferences unsupported by evidence in the case).
REVERSED and REMANDED for further proceedings consistent with this opinion.
ERVIN, BARFIELD and DAVIS, JJ., concur.