ERVIN, Judge,
concurring and dissenting.
I concur with the majority’s affirmance of that portion of the final order wherein the judge of compensation claims (JCC) found no causal connection between appellant’s chemical exposure and his bladder cancer. I would reverse, however, that portion of the order wherein the JCC denied appellant’s claims for benefits as to his pulmonary emphysema and pneumothorax conditions. Dr. Medero testified that appellant’s significant exposure to certain solvents, paints, paint thinners and preparatory solutions while working for the employer caused his pulmonary emphysema and pneumothorax, within a reasonable degree of medical probability. *1387 Lake v. Irwin Yacht & Marine Corp., 398 So.2d 902 (Fla. 1st DCA 1981). Although there was conflicting medical evidence regarding whether claimant’s bladder cancer was caused by his exposure to harmful chemicals, there was no such conflict in regard to the above two conditions. Dr. Medero’s testimony was submitted via deposition; therefore, our vantage point is not inferior to that of the JCC in interpreting such evidence. McCabe v. Bechtel Power Corp., 510 So.2d 1056 (Fla. 1st DCA 1987).