933 So.2d 550 (2006)
SEMINOLE COUNTY GOVERNMENT and Johns Eastern Co., Inc., Appellant,
v.
Terry BARTLETT, Appellee, and
Orange County Fire/Rescue and Crawford and Company, Appellees.
No. 1D04-3933.
District Court of Appeal of Florida, First District.
January 31, 2006.
Rehearing Denied March 15, 2006.
*551 Barbara A. Eagan and Karen J. Cullen of Broussard, Cullen, DeGailler & Eagan, P.A., Orlando, Attorneys for Appellants.
Bill McCabe of Shepherd, McCabe & Cooley, Longwood; and Paul A. Kelley, Winter Park, Attorneys for Appellee Terry Bartlett.
Lamar D. Oxford and Frank C. Wesighan of Dean, Ringers, Morgan & Lawton, Orlando, Attorneys for Appellees Orange County Fire/Rescue and Crawford and Company.
PER CURIAM.
This is an appeal from a final order of the Judge of Compensations Claims (JCC) finding Claimant's hepatitis C compensable. Because the JCC's finding is not supported by competent, substantial evidence, we reverse.
Claimant could establish the compensability of his hepatitis C in one of the following two ways: (1) He could meet the criteria necessary to qualify for the statutory presumption of compensability pursuant to section 112.181(2), Florida Statutes; or (2) He could present clear evidence to meet the elements necessary to establish his hepatitis C is an occupational disease. Claimant failed to present evidence sufficient to establish compensability under either basis.

*552 Statutory Presumption

To qualify for the statutory presumption, Claimant must, "by written affidavit," verify that, to the best of his knowledge and belief, he has not:
(1) been exposed, through transfer of bodily fluids, to any person known to have sickness or medical conditions derived from hepatitis, outside the scope of his employment;
(2) had a blood transfusion or blood components, other than a transfusion arising out of an accident or injury happening in connection with his present employment, or received any blood products for the treatment of a coagulation disorder since last undergoing medical tests for hepatitis, which tests failed to indicate the presence of hepatitis;
(3) engaged in unsafe sexual practices or other high-risk behavior, as identified by the Centers for Disease Control and Prevention, or the Surgeon General of the United States, or had sexual relations with a person known to him to have engaged in such unsafe sexual practices or other high-risk behavior; or
(4) used intravenous drugs not prescribed by a physician.
See § 112.181(2)(a)1.-4., Fla. Stat. (2002).
Here, Claimant failed to submit the required affidavit. Although he gave essentially the same information required by the affidavit during a deposition, depositions cannot take the place of the written affidavit required by statute. Not only must Claimant submit the affidavit, he must be able to make the assertions required by the affidavit. Here, Claimant is unable to do so. Claimant testified that, during the relevant time, he had engaged in unprotected sex with approximately 20 women. Consequently, Claimant is not entitled to the statutory presumption contained in section 112.181(2), Florida Statutes (2002).

Occupational Disease
Claimant's alternate theory of compensability was that hepatitis C is an occupational disease pursuant to section 440.151(2), Florida Statutes. The statutory criteria to establish entitlement for recovery under an occupational disease theory have been interpreted to require the following four-part test be met:
(1) the disease must be actually caused by employment conditions that are characteristic of and peculiar to a particular occupation;
(2) the disease must be actually contracted during employment in the particular occupation;
(3) the occupation must present a particular hazard of the disease occurring so as to distinguish that occupation from usual occupations, or the incidence of the disease must be higher in the occupation than in usual occupations; and
(4) if the disease is an ordinary disease of life, the incidence of such disease must be substantially higher in the particular occupation than in the general public.
Lake v. Irwin Yacht & Marine Corp., 398 So.2d 902, 904 (Fla. 1st DCA 1981); see also § 440.151(2), Fla. Stat. (2002). Claimant failed to present sufficient evidence to satisfy this test.
For Claimant to establish his hepatitis C was caused by his employment as a firefighter, he was required to establish causation by introducing clear evidence of each element of the four-part test. Speculation or a logical relationship between the disease and Claimant's work is insufficient to meet the required test. See Glasrock Home Health Care v. Leiva, 578 So.2d 776, 778 (Fla. 1st DCA 1991).
*553 Although Claimant testified to needle sticks during his tenure as a firefighter, he did not know whether the sticks involved people infected with hepatitis C. Claimant also testified he had blood-to-blood contact during his employment, but, again, did not know whether any of the individuals were hepatitis C positive. Claimant could not establish any exposure to hepatitis C during the course of his employment. None of the doctors could testify, within the scope of their expertise, how or when Claimant contracted the disease, based on a reasonable degree of medical certainty.
The testimony at the hearing was that the most common causes of hepatitis C were: (1) illegal intravenous drug usage, which accounted for approximately 70% of cases; (2) receiving blood transfusions prior to 1990, which accounted for approximately 10% of cases; (3) engaging in unprotected sex, which accounted for approximately 5% of cases, (4) unknown causes accounted for approximately 4% of cases, and (5) needle sticks, which accounted for 1% to 2% of cases.
Based on the foregoing, Claimant failed to present clear evidence that he more likely than not contracted hepatitis C during his employment as a firefighter, or that the disease was actually caused by employment conditions characteristic of and particular to his employment as a firefighter.
Additionally, there was no evidence that firefighters contract hepatitis C more frequently than those in other occupations. Significantly, the only expert testimony comparing the prevalence of hepatitis C in firefighters to that occurring in the general population was that the disease occurred in both with the exact same frequency. Consequently, there is no evidence that being a firefighter presents a particular hazard of contracting the disease, or that the incidence of the disease is substantially higher in firefighters than in the general public.

Conclusion
Because the record lacks competent, substantial evidence to support the JCC's finding that Claimant's hepatitis C is compensable, the JCC's final order is REVERSED.
KAHN, C.J., HAWKES and THOMAS, JJ., concur.