400 So.2d 1295 (1981)
CLAY HYDER TRUCK LINES (Self-Insured), Appellant,
v.
Dorothy A. ATHERTON, Appellee.
No. VV-360.
District Court of Appeal of Florida, First District.
July 1, 1981.
Rehearing Denied August 4, 1981.
Robert J. Felice of Akerman, Senterfitt & Eidson, Orlando, for appellant.
Richard R. Roach, Jr. of Woods & Roach, P.A., Lakeland, for appellee.
PER CURIAM.
The employer in this workers' compensation case asserts that the deputy commissioner erred in finding that the claimant's attorney was entitled to a fee based upon "all benefits to which the claimant has or *1296 may become entitled" because the claim was not timely accepted within 21 days pursuant to § 440.34, Florida Statutes (1975). Appellant also contends that the deputy erred in failing to credit it with the overpayment of temporary disability benefits. We reverse.
The deputy calculated that the claimant received her temporary disability benefit checks, including penalties and interest, 22 days after the employer received notice of the claim. Accepting the deputy's finding that notification of the claim occurred October 14, 1976, appellants had 21 days from this date within which to accept the claim. The evidence shows that checks were received by claimant's attorney on November 4, 1976, the 21st day. The date of mailing, considered in law to be the payment date, obviously occurred before this time. Commercial Carrier Corp. v. Gillum, IRC Order 2-3534 (Sept. 12, 1978). In short, payment was properly made within the statutory 21-day period. This being the case, claimant's counsel would be entitled to a fee based only upon the obtaining of the resisted medical reimbursement.
The argument proposed in Point 2 is somewhat unclear. In the original order, the deputy found that the claimant received $7,531.38 in temporary or total disability benefits, while she was owed only $7,056.85, but the deputy did not say whether credit was due to the employer. When the IRC remanded for clarification of the status of temporary disability payments and allowance of appropriate credit, the deputy noted that "the finding of underpayment is erroneous." This statement did not clarify the credit issue, and appellant requests this court to remand the cause again.
The original order indicated an overpayment rather than an underpayment. We remand for the deputy to answer whether there was an overpayment as indicated in his original order, and to indicate the exact amount of overpayment. Since this court recently explained that an overpayment is not a gratuity if the deputy finds a reasonable basis for such overpayment, Belam Florida Corp. v. Dardy, 397 So.2d 756 (Fla.App. 1st DCA 1981), the deputy is directed to find whether there was a reasonable basis in this case. Finally, if an overpayment was reasonably made, we direct the deputy to award credit to the employer in that amount.
The cause is reversed and remanded to the deputy with directions that he enter an order consistent with this opinion.
SHIVERS, SHAW and THOMPSON, JJ., concur.