WIGGINTON, Judge.
Appellant/claimant appeals the deputy commissioner’s order denying her claim for penalties, interest, and attorney’s fees for failure of appellee/employer to pay timely workers’ compensation benefits due appellant in accordance with a settlement agreement. We affirm.
On December 4, 1981, when appellant’s claim for benefits was presented to the deputy commissioner for final hearing, the parties presented a washout settlement, pursuant to Section 440.20(10), Florida Statutes (Supp.1978), the terms of which were set forth on the record before the deputy commissioner. Appellant accepted the settlement before the deputy commissioner under oath. The deputy made the following finding on the record:
Okay, I find the settlement to be in claimant’s best interest and do hereby approve it under [Workers’ Compensation] Rule 13. It is a final settlement as of now.
Appellant signed the stipulation and joint petition on December 18,1981. The deputy approved the agreement by order entered on December 22, 1981. Appellee received the benefits due under the agreement by a check dated January 5, 1982.
On February 26, 1982, appellant filed a claim for penalties, interest, and attorney’s fees, asserting that since the deputy announced at the December 4 hearing that the settlement was final at that time and because the settlement was validated by having been dictated on the record,[1] the twenty-day time period during which benefits should have been paid pursuant to Section 440.20(6), Florida Statutes (Supp.1978) began to run on December 5 and thus had expired by the time payment was received on January 5.[2] The deputy commissioner ruled that appellee became obligated to pay benefits only upon the entry and mailing to the parties of the December 22 order. Thus, the time period began to run as of that date.
We agree with the deputy commissioner that the obligation to pay benefits arose on the date copies of the order were mailed to the parties, as provided in Section 440.-25(4)(a), Florida Statutes (Supp.1978). Section 440.20(10), Florida Statutes (Supp. 1978)[3] provided that upon joint petition of all interested parties, if a deputy finds that *311 it is in the best interests of the claimant, he may “enter a compensation order approving and authorizing the discharge of the liability of the employer .... ” It further provides that when the claimant is represented by counsel, final approval of the lump sum settlement agreement “shall be approved by entry of an order within seven days of the filing of such joint petition and stipulation .... ” (Emphasis supplied). The clear intent of those statutes is that the filed stipulation and joint petition for settlement agreement be approved by the deputy by order prior to the obligations becoming due and effective.
Payment was made by appellee within twenty days of the date of the mailing of deputy commissioner’s order. Therefore, payment was made timely and penalties, interest, and attorney’s fees are not due appellant.
AFFIRMED.
JOANOS and ZEHMER, JJ., concur.

. Fla.W.C.R.P. 13 (1981).

. Section 440.20(6), Fla.Stat. (Supp.1978) provided that penalties are due if compensation benefits are not paid within twenty days of an award. Section 440.20(7), Fla.Stat. (Supp. 1978) provided for the payment of interest when compensation is not paid timely. Section 440.20(8), Fla.Stat. (1981) provides that penalties are owed if payment is not made within thirty days of an award. The provision for interest now is contained in Section 440.20(9), Fla.Stat. (1981).

.Now codified in 440.20(12)(b), Fla.Stat. (1981).