ERVIN, Judge.
In this workers’ compensation appeal, we affirm that part of the order on review denying wage-loss benefits, finding competent, substantial evidence in support thereof. We reverse the order, however, as it relates to the denial of penalties due on late payment of benefits under a prior compensation order.
In the prior order dated April 9,1984, the deputy commissioner ordered the employer/carrier (e/c) to pay claimant wage-loss benefits for the period May 5,1982 through August 1983, excluding the months of March, May, June and July, 1983, based upon an average weekly wage of $448.35, yielding a maximum compensation rate of $271.00 per week.
On May 7, 1984, claimant’s attorney by letter notified the e/c’s attorney that he could verify the earnings reflected on claimant’s wage-loss form and asked that the e/c then commence the payment of wage-loss benefits. On May 22, 1984, the e/c filed a petition to modify the April 9, 1984 order, based upon a mistake of fact. The petition alleged that from January 1, 1982 through December 31, 1982, the appropriate maximum compensation rate was $253.00, rather than $271.00 per week. Thereafter, by letter dated August 30, 1984, the e/c’s attorney informed the deputy that the parties had agreed the compensation rate should be reduced to $253.00 per week and the question of penalties on payments pursuant to the order would be resolved at a later date. On September 10, 1984, more than five months from the entry of the order, the e/c paid claimant the wage-loss benefits.
Although recognizing that the benefits were paid more than 30 days after the entry of the April order, the deputy denied penalties, stating, “[I]t appears ... there was an error in the order and the parties were unsure as to the applicable average weekly wage. This was arranged and agreed to and the benefits were paid within thirty (30) days of that agreement.”
Section 440.20(8), Florida Statutes (1981), states unequivocally: “If any compensation, payable under the terms of an award, is not paid within 30 days after it *1179 becomes due, there shall be added to such unpaid compensation an amount equal to 20 percent_” (e.s.) We are aware of no statutory authority or judicial decision which would excuse compliance with the penalty provision as applied to the facts at bar. The e/c’s petition to modify, filed on May 22, 1984, more than 80 days after the entry of the April 9, 1984 order, could not serve to stay the enforceability of the compensation order. Moreover, we do not construe the May 7 letter or any other action taken by the parties thereafter to preclude the deputy from assessing penalties under section 440.20(8).
AFFIRMED in part, REVERSED in part and remanded for further proceedings consistent with this opinion.
SHIVERS and THOMPSON, JJ., concur.