ORDER
PER CURIAM.
On April 24, 1990, Judge of Compensation Claims (JCC) Dan Turnbull served on the parties by mail the estimated cost for preparing the record on appeal. The appellant filed a petition for insolvency and attorney’s certification on May 25, 1990. Rule 4.180(f)(2), Florida Workers’ Compensation Rules of Procedure, provides that such a petition must be filed within 15 days *572 of service of the notice. Even allowing the additional five days provided for by Rule 4.030(c) because the notice was served by mail, the petition was 11 days late. The JCC issued a certification that the petition for insolvency was untimely and requested this court to instruct him as to what actions he should take on the petition. This court entered an order directing appellant to show cause why the appeal should not be dismissed and the appellant has filed a response. It is shown that the claimant is a Haitian who speaks very little English and who resides in Immokalee. The claimant was sent the petition by mail to be executed and counsel, upon its return, immediately forwarded it to the JCC.
We discharge this court’s order of June 14 and advise the JCC that he has jurisdiction to extend the time upon a showing of good cause. The petition was clearly untimely under the express provisions of Rules 4.180(f)(2) and 4.030(c). Nevertheless, Rule 4.210(a) provides that the JCC shall have jurisdiction over matters pertaining to preparation of the record on appeal. Further, unless a time period is jurisdictional, a tribunal may permit an act to be done, even after the expiration of a specified period, where the failure to act was the result of excusable negligence. See generally 55 Fla.Jur.2d Time § 15 (1984). Thus, we find the JCC has jurisdiction to entertain and grant an extension of time upon a showing by the appellant of good cause for his failure to timely serve the petition, which would allow the JCC to reach and act on the merits of the petition for certification as insolvent.
WENTWORTH, NIMMONS and ALLEN, JJ., concur.