579 So.2d 759 (1991)
CITY OF MIAMI, Appellant,
v.
Gene WATKINS, Appellee.
No. 90-1717.
District Court of Appeal of Florida, First District.
April 22, 1991.
Rehearing Denied June 21, 1991.
Jorge L. Fernandez, City Atty. and Kathryn S. Pecko, Asst. City Atty., Miami, for appellant.
Mark L. Zientz of Williams & Zientz, Miami, for appellee.
JOANOS, Judge.
The City of Miami, self-insured, has appealed an order of the judge of compensation claims requiring the payment of permanent total disability benefits awarded in March 1986, which benefits the City had deducted from Watkins' city disability pension pursuant to local ordinance. The City challenges the judge's jurisdiction to enter the order, and alleges in the alternative that the award is not supported by competent substantial evidence, and should not have been accompanied by an award of penalties. We affirm on all issues, save for the minor corrections indicated below.
The jurisdictional issue raised by the City has been settled against it. See City of Miami v. Smith, Case No. 90-1599 (Fla. 1st DCA April 4, 1991); Barragan v. City of Miami, 545 So.2d 252, 253 (Fla. 1989); Marion Correctional Institution v. Kriegel, 522 So.2d 45 (Fla. 5th DCA), rev. den. 531 So.2d 1354 (Fla. 1988). The City argues that the award of penalties was erroneous in that, at the time it reduced Watkins' pension, the reduction was approved by *760 Florida case law. However, penalties were awarded herein under section 440.20(8), Florida Statutes, which provides, without exception, that "[i]f any compensation, payable under the terms of an award, is not paid within 30 days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 percent thereof ..." (emphasis supplied). We therefore affirm the award of penalties herein, with the minor adjustment indicated below.
The City finally alleges that the award of back benefits was not supported by competent substantial evidence because, among other reasons, it extended through September 1989 rather than August 1989. Appellee Watkins concedes this error. We therefore remand for the sole purpose of correcting the order to reflect that back benefits are due through August 1989, and the concomitant adjustment of the penalties award. The order is in all other respects affirmed.
ZEHMER, J., and CAWTHON, Senior Judge, concur.