587 So.2d 492 (1991)
Steven STEINBRECHER, Appellant,
v.
BETTER CONSTRUCTION CO., and National Union Fire Insurance, Appellees.
No. 90-2905.
District Court of Appeal of Florida, First District.
September 6, 1991.
Rehearing Denied November 18, 1991.
Mark L. Zientz of Williams & Zientz, Miami, for appellant.
*493 Edward W. Levine of Marlow, Shofi, Connell, Valerius, Abrams, Lowe & Adler, Miami, for appellees.
JOANOS, Chief Judge.
Claimant Steven Steinbrecher appeals a workers' compensation order denying his claim for penalties pursuant to section 440.20, Florida Statutes (1983). The issue for review is the propriety of the denial of a twenty percent penalty pursuant to section 440.20(8), Florida Statutes (1983), for failure to make timely payment in accordance with a workers' compensation order. We reverse.
The record reflects that on July 12, 1989, the judge of compensation claims entered an order approving a lump sum settlement. In addition to the lump sum amount, the employer/carrier agreed to pay wage loss benefits from the time of their suspension in March 1989 to date of approval of the settlement. Payment of the lump sum was made by checks dated August 15, 1989, addressed to the attorney for the employer/carrier/servicing agent, who received them on August 17, 1989. The checks were then hand delivered to claimant's attorney on August 18, 1989. The wage loss benefits were not paid until October 17, 1989.
On August 24, 1989, claim was made for the statutory twenty percent penalties and interest on the late payment of the order of July 12, 1989, and for additional penalties, interest, costs, and attorney's fees. See § 440.20(8) and (9), Fla. Stat. (1989). Employer/carrier/servicing agent defended on grounds of excusable neglect and no deliberate intention to avoid timely payment. At the hearing, the depositions submitted and the testimony of the office manager for the servicing agent were to the effect that the late payment was inadvertent, and was caused by a shortage of staff due to employee terminations, vacation schedules, and a general backlog of work in the office. Evidence was also adduced that the adjuster who worked on the file knew that the rules of the Department of Labor and Employment Security require compensation payments to be sent directly to the claimant, unless there is an order to the contrary by the judge. Despite this knowledge of its licensed adjuster, in this instance, the servicing agent sent payment to the carrier's attorney, pursuant to a procedure established by the servicing agent's home office.
The judge's initial order denied the claim for penalties and interest in its entirety. After claimant filed a motion to vacate and for rehearing, a second order was issued, vacating the prior order. The new order recognized that checks issued by the carrier in October 1989 in the amounts of $5,760 and $1,322 represented payment of the wage loss portion of the settlement order, and included the statutory twenty percent penalties and interest for late payment of wage loss. The order awarded interest on the lump sum payment, and an attorney's fee for the penalties and interest obtained subsequent to the date the claim for benefits was filed. However, the amended order again contained a finding that late payment of the lump sum settlement was due to inadvertence brought on by a series of misfortunes, and that the servicing agent was shorthanded due to resignations and vacations.
The statute applicable, section 440.20(8), Florida Statutes, provides in pertinent part:
If any compensation, payable under the terms of an award, is not paid within 30 days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 percent thereof, which shall be paid at the same time as, but in addition to, such compensation, ... (Emphasis supplied.)
It is well settled that where the language of a statute is clear and unambiguous, courts may not resort to rules of statutory construction. Rather, the statute must be given its plain and ordinary meaning. Holly v. Auld, 450 So.2d 217, 219 (Fla. 1984). Further, courts are "without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications." American Bankers Life Assurance Co. of Florida v. *494 Williams, 212 So.2d 777, 778 (Fla. 1st DCA 1968). It is also an accepted principle that the use of the term "shall" in a statute normally has a mandatory connotation. S.R. v. State, 346 So.2d 1018 (Fla. 1977); White v. Means, 280 So.2d 20 (Fla. 1st DCA 1973). Moreover, where a provision is accompanied by a penalty for failure to observe it, the provision is viewed as mandatory. 73 Am.Jur.2d, Statutes, § 21 (1974).
A reading of section 440.20(8) according to the plain meaning of its language, including the use of the usually mandatory "shall" and the accompanying penalty, leads inevitably to the conclusion that the provision is not amenable to an exercise of discretion in application. In other words, according to the plain and ordinary meaning of the language used in section 440.20(8), if payment of a compensation award is made after the thirty-day period set forth in the statute, the twenty percent penalty must be imposed.
Recent opinions addressing the section 440.20(8) penalty provision have construed the provision as mandatory. For example, in City of Miami v. Watkins, 579 So.2d 759 (Fla. 1st DCA 1991), in approving an award of penalties, the court stated that section 440.20(8) "provides, without exception, that `[i]f any compensation, payable under the terms of an award, is not paid within 30 days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 percent thereof ...'" Similarly, in Smith v. Burnup & Sims Comtec, Inc., 492 So.2d 1178 (Fla. 1st DCA 1986), the court observed that section 440.20(8) states unequivocally that penalties "shall" be added when compensation is not paid within thirty days after it becomes due, as was the case in Burnup. The court stated, "[w]e are aware of no statutory authority or judicial decision which would excuse compliance with the penalty provision as applied to the facts at bar." 492 So.2d at 1179. See also Etheridge v. McKenzie Tank Lines, Inc., 557 So.2d 962 (Fla. 1st DCA 1990); Parker Lumber Co. v. Hart, 497 So.2d 948 (Fla. 1st DCA 1986). Telford v. Frank J. Rooney, Inc., 436 So.2d 319 (Fla. 1st DCA 1983).
In concluding that the penalty provision of section 440.20(8) is mandatory, we are not unmindful that in Crowell v. South Broward Hospital District, 378 So.2d 801 (Fla. 1st DCA 1979), cert. denied, 392 So.2d 1373 (Fla. 1980), and Paver Development Corp. v. McDevitt, 419 So.2d 1156 (Fla. 1st DCA 1982), the provision was treated as discretionary. However, the cited cases are factually distinguishable from the instant case, and provide no articulable basis for construing the language of section 440.20(8) as discretionary.
Accordingly, that portion of the order denying the claim for twenty percent penalties on the lump sum settlement is reversed, and the cause is remanded for issuance of an order requiring payment of the penalty.
SMITH and BARFIELD, JJ., concur.