594 So.2d 329 (1992)
Jeffry SIGG, Appellant,
v.
SEARS, ROEBUCK & CO. and Allstate Insurance Co., Appellees.
No. 91-1738.
District Court of Appeal of Florida, First District.
February 25, 1992.
A. Michael Bross, P.A., Cocoa, for appellant.
Jocelyn E. Lowther of Johnson and Bussey, P.A., Rockledge, for appellees.
WOLF, Judge.
Jeffry Sigg (claimant) appeals from a final order of the judge of compensation claims (JCC) which denies claimant's request for penalties pursuant to section 440.20(8), Florida Statutes (1989). While appellant raises three issues on appeal, all of the issues relate to whether, based on the facts of this case, the JCC erred in denying appellant's request for penalties. We find that the JCC's findings that the employer/carrier was not on notice of entry of the compensation order is inconsistent with section 440.20(12)(c), Florida Statutes, which requires a JCC to enter an order approving the lump-sum stipulation "within seven days of the filing of such joint petition and stipulation." We therefore reverse.
The JCC found that the carrier had not received notice of entry of the order approving the lump-sum settlement which was entered and mailed on April 6, 1990. Though compensation was not paid until May 17, 1990, the JCC denied the claimant's request for sanctions pursuant to section *330 440.20(8), Florida Statutes, based upon the lack of notice. The record reflects, however, that the carrier was on notice that the joint stipulation had been presented to the JCC on April 5, 1990. The requirements of section 440.20(12)(c), Florida Statutes (1989), would mandate that the JCC's order would have to be entered no later than April 12, 1990. The carrier would at least be on constructive notice of the entry of the compensation order at that time. Benefits were not paid until more than 30 days after that date.
Section 440.20(8), Florida Statutes (1989), provides as follows:
If any compensation, payable under the terms of an award, is not paid within 30 days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 percent thereof, which shall be paid at the same time as, but in addition to, such compensation, unless review of the compensation order making such award is had as provided in s. 440.25.
In light of the clear intent of section 440.20(8), Florida Statutes (1989), to promptly get benefits into the hands of the claimant, the facts of this case would not support relieving the carrier of its statutory responsibility. See Steinbrecher v. Better Constr. Co., 587 So.2d 492 (Fla. 1st DCA 1991).
We, therefore, reverse and remand to the JCC for entry of an order assessing penalties pursuant to section 440.20(8), Florida Statutes (1989).[1]
The appellant's request for attorney's fees is denied. See ACD Corp. v. Walker, 413 So.2d 33 (Fla. 1st DCA 1981), and cases cited therein.
WIGGINTON and BARFIELD, JJ., concur.
NOTES
[1] We are not unmindful of the apparent conflict in cases in this district concerning § 440.20(8), Fla. Stat. (1989). The majority of the cases from this court have determined that the language of the statute is clear and unambiguous and that assessment of the penalty is mandatory when compensation has not been paid within 30 days after it became due. See, for example, Steinbrecher v. Better Constr. Co., 587 So.2d 492 (Fla. 1st DCA 1991); Etheridge v. McKenzie Tank Lines, 557 So.2d 962 (Fla. 1st DCA 1990); City of Miami v. Watkins, 579 So.2d 759 (Fla. 1st DCA 1991). Several cases from this court, however, have stated that the JCC has discretion as to whether to assess the statutory penalty. Ellerbee v. Concorde Roofing Co., 461 So.2d 206 (Fla. 1st DCA 1984); Paver Dev. Co. v. McDevitt, 419 So.2d 1156 (Fla. 1st DCA 1982); Crowell v. South Broward Hosp. Dist., 378 So.2d 801 (Fla. 1st DCA 1979), cert. denied, 392 So.2d 1373 (Fla. 1980). In the latest case from this court, Steinbrecher, supra, the panel recognized the apparent conflict, determined that the preferable position was to hold that the provision was mandatory, and said that the cases drawing a contrary conclusion were factually distinguishable. The facts in the instant case also do not support a waiver of the penalty.