ERVIN, Judge,
dissenting.
In reversing appellant’s two convictions for use of a child in a sexual performance and promotion of sexual performance by a child, the majority erroneously, in my judgment, focuses solely on the issue as argued by the parties, i.e., whether a sexual performance can occur simply by the child being directed to touch his clothed genitals, in the absence of any actual, lewd exhibition of the same.[2] I would decline the parties’ invitation to consider the arguments as framed and would answer the simple question of whether the evidence was legally sufficient to survive a motion for judgment of acquittal and, thus, go to the jury. From my examination of relevant provisions of Section 827.071, Florida Statutes (1989), I am firmly convinced that it was.
The first count of the information, charging the defendant with unlawfully inducing C.N., a child, to engage in a sexual performance, was based upon section 827.071(2), which provides, in pertinent part:
A person is guilty of the use of a child in a sexual performance if, knowing the character and content thereof, he employs, authorizes, or induces a child less than 18 years of age to engage in a sexual performance or, being a parent, legal guardian, or custodian of such child, consents to the participation by such child in a sexual performance. ...
Count II, alleging that defendant unlawfully and knowingly produced, directed, or promoted a performance by C.N., a child, was grounded on section 827.071(3), which states in part:
A person is guilty of promoting a sexual performance by a child when, knowing the character and content thereof, he produces, directs, or promotes any performance which includes sexual conduct by a child less than 18 years of age....
The essence of the offenses specified under subsections (2) and (3) is the commission of a sexual performance by a child, which is defined as “any performance or part thereof which includes sexual conduct by a child of less than 18 years of age.” § 827.071(l)(h), Fla.Stat. (1989). The statutory definition of *692 sexual conduct in section 827.071(l)(g) provides that such conduct can be carried out by various, alternative ways, including the “actual lewd exhibition of the genitals,” or the “actual physical contact with a person’s clothed or unclothed genitals.” (Emphasis added.)
In the event the conduct involves the latter, the crime is accomplished by directing a child to make actual physical contact with his clothed genitals, as was done here.[3] Under such circumstance, there is no statutory requirement that the act involve a lewd, open exhibition. Because the language the legislature employed is clear on its face, there is no need to resort to any aid of construction. See Clark v. Kreidt, 145 Fla. 1, 199 So. 333 (1940); Steinbrecher v. Better Constr. Co., 587 So.2d 492 (Fla. 1st DCA 1991).
As I consider the majority’s interpretation of the statutory provisions to be at odds with that clearly expressed therein, and because there was sufficient evidence to withstand appellant’s motion for judgment of acquittal, I would affirm appellant’s convictions as to both offenses.

. Although not raised by either party, I consider that a far more substantial inquiry is whether dual convictions can be imposed under Section 775.021(4)(a) and (b)(2), Florida Statutes (1989), for using a child in a sexual performance and promoting a sexual performance by a child, where the charges arise from a single criminal episode. Compare the convictions involved in the present case with those in Sirmons v. State, 634 So.2d 153' (Fla.1994) (grand theft of an automobile and robbery with a weapon), and Johnson v. State, 597 So.2d 798 (Fla.1992) (grand theft of cash and grand theft of a firearm). In both cases the supreme court held that only one of the two convictions could be lawfully imposed.

. I cannot agree with the majority's narrow reading of section 827.071(l)(g), so as to limit sexual conduct occasioned by "actual physical contact with a person’s clothed or unclothed genitals” to a child having physical contact with another person. Contrary to the majority's interpretation, the legislature did not use the word "another” before the word "person's,” rather it merely referred to "a person’s” clothed or unclothed genitals, which could reasonably include the contact made only by the child-victim upon himself or herself, or contact by a child upon another person.