652 So.2d 460 (1995)
James F. BELL, Appellant,
v.
UNIVERSITY OF FLORIDA and Division of Risk Management, Appellees.
No. 94-2054.
District Court of Appeal of Florida, First District.
March 23, 1995.
Carl Carrillo, Gainesville, for appellant.
Barry D. Graves, Gainesville, for appellees.
DAVIS, Judge.
James F. Bell appeals a final order of the judge of compensation claims (JCC) ruling that under the "facts and circumstances" of this case "penalties should not be imposed upon the Employer/Carrier." The provision creating the right to the statutory penalty sought by Mr. Bell is a remedial statute, and therefore it may be applied to this claim even though enacted after the date of Mr. Bell's injury. Accordingly, we reverse.
*461 Mr. Bell's compensable injury occurred in 1990. The parties to this case began to negotiate a washout settlement in April 1993, which culminated in approval of the agreement by the JCC on January 11, 1994. The employer/carrier (e/c) made payment eight days later, and Mr. Bell moved for imposition of a 20% statutory penalty under section 440.20(7), Florida Statutes (1994). It is indisputable that the compensation became due when the JCC approved the agreement, see Brantley v. ADH Building Contractors, Inc., 215 So.2d 297 (Fla. 1968). Furthermore, there is no dispute over the fact that the JCC's approval came after the January 1, 1994, effective date of the amendment which reduced from thirty days to seven days the time in which the e/c must pay such benefits. Mr. Bell asserts that the imposition of the penalty is mandatory, and the JCC did not have any discretion to reject the imposition of a penalty upon consideration of the "facts and circumstances" of the case.
More recent decisions of this court, with which we agree, have held that such penalties are mandatory, in contrast to the authority cited by the JCC in his order. Compare Sigg v. Sears, Roebuck and Co., 594 So.2d 329 (Fla. 1st DCA 1992); Steinbrecher v. Better Construction Co., 587 So.2d 492 (Fla. 1st DCA 1991); City of Miami v. Watkins, 579 So.2d 759 (Fla. 1st DCA 1991) with Paver Development Corp. v. McDevitt, 419 So.2d 1156 (Fla. 1st DCA 1982); Crowell v. South Broward Hospital District, 378 So.2d 801 (Fla. 1st DCA 1979), cert. denied mem., 392 So.2d 1373 (Fla. 1980). However, that does not resolve the pivotal question whether the JCC was required to apply the law in effect at the time of the claimant's injury or at the time the compensation became due and owing upon the approval of the settlement by the JCC.[1]
It is well established that the substantive rights of the parties are fixed by the law in effect on the date of the injury, but that no party has a vested right in any particular procedure and therefore procedural amendments may be applied retroactively. McCarthy v. Bay Area Signs, 639 So.2d 1114, 1115-16 (Fla. 1st DCA 1994); see also Sullivan v. Mayo, 121 So.2d 424 (Fla. 1960), cert. denied mem., 133 So.2d 647 (Fla. 1961). This penalty appears to be a remedial enactment, which applies to remedies invoked for currently accruing liabilities arising out of earlier events or claims. See Myers v. Carr Construction Co., 387 So.2d 417, 418 (Fla. 1st DCA 1980).
As this court held in Litvin v. St. Lucie County Sheriff's Department, 599 So.2d 1353, 1355-56 (Fla. 1st DCA), review denied mem., 613 So.2d 6 (Fla. 1992), cert. denied mem., ___ U.S. ___, 113 S.Ct. 2350, 124 L.Ed.2d 258 (1993), addressing a change in the time limits for filing claims for wage loss, this time limit applies prospectively to delinquencies occurring after its effective date, without regard to the date of the claimant's accident and injury. The same rationale applies to a change in the time limits for liability for this penalty. There was no delinquency in the payment of the settlement, and thus no liability for a penalty to compensate for such a delinquency, until after the effective date of the 1994 amendments. Accordingly, the order denying imposition of a statutory penalty is REVERSED.
ALLEN, J., and SMITH, Senior Judge, concur.
NOTES
[1] We reject the argument of the employer/carrier that the correct statute to apply was the one in effect at the time that the parties negotiated their agreement in 1993, since the agreement was without force and effect until approved by the JCC.