674 So.2d 759 (1996)
PALM BEACH COUNTY SCHOOL BOARD/CRAWFORD & COMPANY, Appellants
v.
Nancy MILLER-NEAL, Appellee.
No. 95-400.
District Court of Appeal of Florida, First District.
April 12, 1996.
Rehearing Denied June 20, 1996.
Kent S. Pratt and Thomas M. Bates of Gaunt, Pratt, Radford & Methe, P.C., West Palm Beach, for Appellants.
Michael H. Stauder, North Palm Beach, for Appellee.
SHIVERS, Senior Judge.
The Palm Beach County School Board and Crawford & Company (collectively, the "E/ C") appeal a workers' compensation order which awarded the claimant a twenty percent penalty due to the E/C's failure to make timely payment on a washout settlement agreement below. Finding that the Judge of Compensation Claims (the "JCC") applied an incorrect rule of law in concluding that Rule 4.030(c), Florida Rules of Workers' Compensation Procedure, was inapplicable in this case, we reverse.
The E/C and the claimant entered into a washout settlement which was approved by the JCC pursuant to section 440.20(11)(b), *760 Florida Statutes (1994). The order was mailed to the parties on February 18, 1994. Twelve days later, on March 2, 1994, the employer mailed payment to the claimant in the amount of Fifty Thousand Dollars.
The claimant, relying upon section 440.20(7), Florida Statutes (1994), asserted that a twenty percent penalty was owed, because the employer failed to pay her within seven days after payment became due. The employer contended that the payment was timely, because, pursuant to Fla.R.Work. Comp.P. 4.030(c), an additional five days must be added to the seven where, as here, the order approving the settlement is served on the parties by mail.
The claimant filed a motion to compel payment of penalty. At first, the JCC denied the motion, on the ground that Fla.R.Work. Comp.P. 4.030(c), applied. In so ruling, the JCC noted that "the only two exclusions to [the] five days [provided by the rule] is for notices of hearing and final orders in terms of appellateinstitution of appellate proceedings. Which doesn't apply to this."
Thereafter, the JCC vacated her order denying the claimant's motion, and a hearing was held. Following the hearing, the JCC granted the motion, on authority of Watkins v. Resources Property Management, 596 So.2d 763 (Fla. 1st DCA 1992).
The issue before us appears to be one of first impression. It is already settled that, following entry of an order approving a washout agreement, the date that the order is mailed to the parties (rather than the date it is entered) controls in determining the time frame for payment to the claimant. See Mendez v. Florida Power & Light Co., 436 So.2d 309, 311 (Fla. 1st DCA 1983). It has similarly been established that payment is deemed made on the date that the E/C mails the check to the claimant or his attorney. See Clay Hyder Truck Lines v. Atherton, 400 So.2d 1295 (Fla. 1st DCA 1981). However, this court has not yet addressed the issue raised in this case, i.e., on what date does payment pursuant to a washout settlement approved by order mailed to the parties "become due" to the claimant?
The appellant urges that, in making this determination, section 440.20(7), Florida Statutes (1994), must be read in conjunction with Rule 4.030(c), Florida Workers' Compensation Rules of Procedure. In that case, payment would "become due" to the claimant five days after the order is served on the parties by mail. The appellees, in contrast, argue that Fla.R.Work.Comp.P. 4.030(c) is intended to apply only to service of pleadings and other papers in a workers' compensation case. If Fla.R.Work.Comp.P. 4.030(c) is inapplicable here, then payment would "become due" on the same day that the order is mailed to the parties.
While this court has not had occasion to address the issue presented in this case, it has intimated that reference to Rule 4.030(c) may be appropriate in determining time limitations triggered by a "paper"[1] generated by the JCC. See Jorel v. Prestressed Systems, 564 So.2d 571 (Fla. 1st DCA 1990) (the court, in finding that a petition for insolvency had not been timely filed, stated that, "[e]ven allowing the additional five days provided for by Rule 4.030(c) because the notice [of estimated cost for preparing the record on appeal, served on the parties by the JCC] was served by mail, the petition was 11 days late"). Further, the rule itself suggests that orders are included in its ambit, by excluding "filing requirements for institution of appellate proceedings," the time frame for which is triggered by entry of an order. See Rule 4.165, Florida Workers' Compensation Rules of Procedure. If Rule 4.030(c) did not otherwise apply to orders, there would be no need to articulate this exception in the rule.
Accordingly, computing the time with reference to Rule 4.030(c), we conclude that payment to the claimant here "became due" on February 23, 1994, five days after the order approving the washout agreement was mailed to the parties. The E/C then had up to seven days (through March 2, 1994) within which to make payment to the claimant or incur a mandatory penalty. See Bell v. University *761 of Florida, 652 So.2d 460 (Fla. 1st DCA 1995) (if payment to claimant is not timely made, JCC has no discretion to deny an award of statutory penalties).
On appeal, the parties do not dispute the JCC's finding that payment was mailed to the claimant on March 2, 1994. Because this payment was timely, the JCC erred in awarding a twenty percent penalty. Accordingly, the order under review is REVERSED.
BARFIELD and DAVIS, JJ., concur.
NOTES
[1] An order is undoubtedly a "paper" within the meaning of Rule 4.030(c). See Black's Law Dictionary 1111 (6th ed. 1990) ("paper" defined as "[a] written or printed document or instrument.")