PER CURIAM.
Ocala Geriatric Center and Preferred Works, the employer and carrier, respectively (collectively the E/C), appeal a final workers’ compensation order directing them to pay the 20 percent penalty required by section 440.20(7), Florida Statutes (Supp.1994), for not timely paying a compensation award. At issue is whether the terms of the parties’ stipulation, agreeing upon a lump sum payment to the claimant, and requiring the E/C to pay the same within 14 days from the date of the order approving the stipulation, controls over the provisions of Florida Workers’ Compensation Rule of Procedure 4.030(c), authorizing an additional five days to the time allowed for the performance of any act required to be done following service. It is clear from the record that if the time set out in the rule applies, the penalty could not be lawfully imposed; whereas, if the parties’ agreement governs, as the judge of compensation claims (JCC) decided, it could. We affirm.
On April 20, 1995, an order was entered approving the parties’ stipulation and mailed on the same date.[1] The evidence discloses that the E/C received the order on April 24, 1995, but that claimant’s attorney did not receive the E/C’s check until May 8, 1995, in an envelope that was postmarked May 5, *229 1995. The JCC directed the E/C to pay-penalties, because the payment was mailed more than 14 days after the date of the order, and specifically rejected the E/C’s argument that it was permitted an additional five days to make payment because the check had been mailed.
Rule 4.030(e) provides as follows:
When service is effectuated by mail, 5 days shall be added to the time allowed for the performance of any act required to be done, or allowed to be done, within a certain time after service.
Thus, under the express terms of the rule, an additional five days is only added when performance is required to be done within a certain time of service.
In relying upon the language of the above rule, the E/C cites Palm Beach County School Board v. Miller-Neal, 674 So.2d 759 (Fla. 1st DCA 1996). In that case, the JCC approved a washout settlement agreement and the order was mailed to the parties on February 18, 1994. When the E/C did not pay the settlement within seven days, as required under section 440.20(7), claimant sought the 20 percent penalty. The E/C defended, asserting it had five additional days under rule 4.030(c), because the order had been mailed. In determining that the JCC’s award of the 20 percent penalty was error, this court noted that the date the order is mailed to the parties determines the time frame for payment, and that payment is deemed made on the date the E/C mails the check. Id. at 760. Next, this court determined that rule 4.030(c) applied to service of orders mailed by the JCC. Therefore, the court concluded that the settlement became due under rule 4.030(c) on February 23, five days after it was mailed, and that the E/C timely mailed the settlement proceeds on March 2, which was within seven days of February 23.
We find that Miller-Neal is distinguishable from the case at bar, because the parties’ agreement in that ease provided that the 20 percent penalty would be assessed against payment not made within seven days “after it becomes due.” Hence, Miller-Neal answered the question of when such orders become due under section 440.20(7). In the instant case, however, the parties explicitly stipulated that payment was due as of “the date of entry of the Order.” Thus, the E/C was required, by the terms of the agreement, to pay the lump sum amount within 14 days from the entry of the order, not within 14 days from service of the order.
Case law in the civil sector construing rales with language similar to that contained in rule 4.030(c) furnish persuasive support for our decision. For example, Florida Rule of Appellate Procedure 9.420(d) provides:
If a party, court reporter, or clerk is required or permitted to do an act within some prescribed time after service of a document, and the document is served by mail, 5 days shall be added to the prescribed period.
In its construction of this rule, the Second District concluded that it permits an additional five days only if the act is required to be completed after service of a document by mail, not if the act is directed to be accomplished after rendition or filing of an order or judgment, even though mailing of the document rendered or filed may have been involved. Bouchard v. Department of Business Reg., 448 So.2d 1126 (Fla. 2d DCA 1984).
Similarly, Florida Rule of Civil Procedure 1.090(e) provides:
When a party has the right or is required to do some act or take some proceeding within a prescribed period after the service of a notice or other paper upon that party and the notice or paper is served upon that party by mail, 5 days shall be added to the prescribed period.
In D’Best Laundromat, Inc. v. Janis, 508 So.2d 1325 (Fla. 3d DCA 1987), the Third District determined that the plaintiff was not entitled to five additional days in which to file an amended complaint, because the order directing the filing of the complaint ran, pursuant to its terms, from the date the order was signed.
Thus, the above cases construing the civil rules, while recognizing that the rales allow the addition of five days for mailing, hold that the terms of the order control if those terms provide otherwise. Because the rule *230 4.080(c) is similarly worded, we agree with claimant that the stipulation, by its terms, precludes the addition of five days, in that payment was specified to be made within 14 days from the entry of the order.
AFFIRMED.
ERVIN and DAVIS, JJ., concur.
BENTON, J., dissents with -written opinion.

. In workers' compensation cases, the date of mailing is the date of rendition or entry. See Fla. R. Workers Comp. P. 4.160(a)(2).