BENTON, Judge,
dissenting.
The court today affirms a decision arrived at by application — in a factually flawed fashion — of a recently repudiated rule. In requiring payment of $19,700 as a penalty for failure to transmit a settlement check promptly, the judge of compensation claims reasoned:
The time limit for mailing payment in this case without incurring a penalty is seven days after the Order [approving joint petition for lump sum settlement] is mailed, pursuant to Bell v. University of Florida, 652 So.2d 460 (Fla. 1st DCA 1995). Based on the testimony of Ms. Hamer, I find that the check was not mailed within the applicable time limit of seven days.
8. I further reject the Employer/Carrier’s argument that there existed an additional five day period for mailing the check in addition to the allowable seven day period. I base this finding on the reasoning in Bell....
The factual flaw was the failure to consider the parties’ express agreement — duly incorporated in an order — to allow fourteen days, instead of the seven days otherwise specified by section 440.20(7), Florida Statutes (1995). The repudiated rule is “the reasoning in Bell.”
We have explicitly rejected the approach we sanctioned in Bell. There, as the judge of compensation claims in the present case observed, we did not allow five days for mailing of an order approving settlement. But, in a subsequent penalty dispute case arising out of a washout settlement, we “eonclude[d] that payment to the claimant ... ‘became due’ ... five days after the order approving the washout agreement was mailed to the parties,” Palm Beach County Sch. Bd. v. Miller-Neal, 674 So.2d 759, 760 (Fla. 1st DCA 1996), and that the statute allowed an additional seven days, for a total of twelve. While the Miller-Neal court did not expressly overrule Bell (or Sigg v. Sears, Roebuck & Co., 594 So.2d 329 (Fla. 1st DCA 1992)), the Miller-Neal decision clearly has that effect, insofar as it interprets Florida Rule of Workers’ Compensation Procedure 4.030(c) to allow five days for mailing of the order before compensation “becomes due.”
The parties’ settlement agreement, a stipulation which was adopted by the judge of compensation claims, provided:
WAIVER OF PENALTIES, INTEREST AND FORMAL NOTICE — The Claimant does hereby waive any right she may have to any and all penalties or interest on account of the accident or occupational disease referenced herein and expressly agrees that the Employer-Carrier will have fourteen days (14) from the date of the entry of the Order approving this Joint Stipulation and Joint Petition to make payment without incurring penalties and/or interest notwithstanding the time limitations set forth in Section 440.20(ll)[sie][,] Florida Statutefe] ([Supp.] 1994). The Parties may present this Joint Stipulation to the Judge for consideration and approval without the necessity of a formal notice which requirement is hereby expressly waived.
The judge of compensation claims made no mention of the agreement or of the order incorporating it, in this regard.
Instead of remanding so the judge of compensation claims can consider this language — after making the necessary findings of fact — under case law superseding Bell, the majority construes the waiver of penalties provision — not to “waive any right ... to any and all penalties” — but to extend the deadline two days (from twelve days after mailing to fourteen days after mailing); and concludes that a penalty is due because — it asserts — payment was not made until the fifteenth day after mailing.
No settlement which, like this one, terminates a claimant’s rights to future benefits, can take effect unless approved by order *231 entered by a judge of compensation claims. § 440.20(11) and (12), Fla. Stat. (1995). Under Miller-Neal, the order approving joint petition for lump sum settlement only became effective five days after mailing. The majority concedes that payment was made no later than ten days thereafter. Miller-Neal, 674 So.2d at 760 (“payment is deemed made on the date the E/C mails the check”); Clay Hyder Truck Lines v. Atherton, 400 So.2d 1295,1296 (Fla. 1st DCA 1981)(“date of mailing ... [is] considered in law to be the payment date”).
The order under review should be reversed, and the case should be remanded to the judge of compensation claims for reconsideration, in light of our decision in Miller-Neal and the waiver of penalties incorporated in the parties’ agreement and duly adopted by the order that required payment.