700 So.2d 397 (1997)
Terry WILLETTE, Appellant,
v.
AIR PRODUCTS and Gallagher Bassett, Appellees, and
Department of Labor and Employment Security, Division of Workers' Compensation, Intervenor-Appellee.
No. 97-185.
District Court of Appeal of Florida, First District.
September 3, 1997.
Rehearing Denied October 20, 1997.
*398 T. Rhett Smith of T. Rhett Smith, P.A., Pensacola, for appellant.
Rollin D. Davis, Jr. of Shell, Fleming, Davis & Menge, Pensacola, for appellees Air Products and Gallagher Bassett.
Laura E. Taylor of Florida Department of Labor and Employment Security, Tallahassee, for intervenor-appellee Department of Labor and Employment Security, Division of Workers' Compensation.
BENTON, Judge.
On appeal of an order denying his claim for penalties and interest, Terry Willette maintains that payments of his workers' compensation benefits were late, entitling him to penalties under section 440.20(6), Florida Statutes (1995). Invoking the administrative rule on which the judge of compensation claims relied, Mr. Willette's employer, Air Products, and its insurance carrier, Gallagher Bassett, defend their failure to mail temporary partial disability benefits within seven days (of the carrier's receipt of each of eleven, separate, wage loss forms) on grounds Florida Administrative Code Rule 38F-3.019, promulgated (and recently amended) by the Florida Department of Labor and Employment Security, Division of Workers' Compensation, allows fourteen days, instead of the statutory seven. We reverse and remand, with directions that penalties and interest be awarded.

Jurisdiction And Scope Of Review
We first address the Department's contention that we lack jurisdiction to entertain the appeal. Under the authority of section 440.271, Florida Statutes (1995), the Department of Labor and Employment Security has intervened in these proceedings, in order to defend Florida Administrative Code Rule 38F-3.019, and the Department's interpretation of section 440.20(6), Florida Statutes (1995), which the rule was drawn to reflect. Asserting that "this [is a] rule challenge, although artfully disguised as merely a legal issue, [which] was not properly before the JCC, [and] is not properly before this court," the Department argues that, because no rule challenge proceeding was instituted under section 120.56, Florida Statutes (Supp.1996), this court has no jurisdiction over the appeal, by virtue of section 120.68(9), Florida Statutes (Supp.1996).
Under our constitution, "[d]istrict courts of appeal shall have the power of direct review of administrative action, as prescribed by general law." Art. V, § 4(b)(2), Fla. Const. The general law on which the Department relies in asserting that we lack jurisdiction applies only to appeals brought under the Administrative Procedure Act:
No petition challenging an agency rule as an invalid exercise of delegated legislative authority shall be instituted pursuant to this section [120.68], except to review an order entered pursuant to a proceeding under s. 120.56, unless the sole issue presented by the petition is the constitutionality of a rule and there are no disputed issues of fact.
§ 120.68(9), Fla. Stat. (Supp.1996)(emphasis supplied). Our "power of direct review" of orders entered by judges of compensation claims derives, not from the Administrative Procedure Act, but from the Workers' Compensation Law: "Review of any order of a *399 judge of compensation claims ... shall be by appeal to the District Court of Appeal, First District." § 440.271, Fla. Stat. (1995). We have jurisdiction of the appeal Mr. Willette has taken from an order of a judge of compensation claims.
The Department is correct that appellate courts do not have a roving commission arbitrarily to decide the validity of administrative rules, or to invalidate them willy-nilly. See generally Baillie v. Department of Natural Resources, 632 So.2d 1114 (Fla. 1st DCA 1994)(holding appellate court lacks jurisdiction to decide administrative rule's validity on direct appeal of the rule's adoption, unless the constitutionality of the rule is the sole issue presented). Unless necessary for decision, statutory construction that amounts to passing on the validity of a rule not challenged in a section 120.56 proceeding should be avoided. See Cross v. Department of Health & Rehabilitative Servs., 658 So.2d 1139, 1143 (Fla. 1st DCA 1995)(refusing to invalidate rule on grounds the "appellants received the proper amount of benefits" regardless).
But, when an appellate court is called upon to decide a dispositive question within its jurisdiction, it cannot refrain from decision on grounds that deciding might imply a view as to the validity of an administrative rule not challenged below in a section 120.56 proceeding. Taking any applicable administrative rules into account, the court must make such decisions as "essentially a matter of law to be determined by the ordinary rules of statutory construction." Nord v. Florida Parole and Probation Comm'n, 417 So.2d 1176, 1177-78 (Fla. 1st DCA 1982).
We reject the Department's contention that a court must give an administrative rule effect, unless it has been invalidated in proceedings under section 120.56, even if the rule is unmistakably at odds with clear statutory language. Executive branch rulemaking is authorized in furtherance of, not in opposition to, legislative policy. Just as a court cannot give effect to a statute (or administrative rule) in any manner repugnant to a constitutional provision, so a duly promulgated administrative rule, although "presumptively valid until invalidated in a section 120.56 rule challenge," City of Palm Bay v. State, Dep't of Transp., 588 So.2d 624, 628 (Fla. 1st DCA 1991), must give way in judicial proceedings to any contradictory statute that applies.
Recent decisions reviewing orders entered by judges of compensation claims reflect our resolve to give effect to statutory language, notwithstanding differing rules on the same subject promulgated by the Department of Labor and Employment Security. Indeed, we did not even mention Florida Administrative Code Rule 38F-24.0231(5)which purports to disallow penalties, if payment is made on account of an industrial accident that occurred prior to January 1, 1994, within "60 days after the date the order is mailed to the parties"when we "conclude[d] that payment to the claimant ... `became due' ... five days after the order approving the washout agreement was mailed to the parties," Palm Beach County Sch. Bd. v. Miller-Neal, 674 So.2d 759, 760 (Fla. 1st DCA 1996), review denied, 684 So.2d 1352 (Fla.1996), and that section 440.20(7), Florida Statutes (1994 Supp.) allowed an additional seven days, for a total of twelve, before penalties became due. See also Bell v. University of Florida, 652 So.2d 460 (Fla. 1st DCA 1995).
Nor did language in Florida Administrative Code Rule 38F-3.019providing that a claimant may be ineligible for temporary partial disability benefits, if the requisite forms are not mailed within fourteen days of the end of a bi-weekly wage loss periodprevent our holding in Bridges v. Motorola Inc., 646 So.2d 790 (Fla. 1st DCA 1994), that failure to mail wage loss forms for temporary partial disability benefits within fourteen days of the end of a bi-weekly period has no effect on a claimant's eligibility. Although we made no mention of Florida Administrative Code Rule 38F-3.018 in Litvin v. St. Lucie County Sheriff's Department, 599 So.2d 1353 (Fla. 1st DCA 1992), we approved part of the rule, in effect, when we held that a claimant who had attained maximum medical improvement must mail forms for wage loss periods occurring after July 1, 1990, within fourteen days of the end of any period for which wage loss was claimed, whatever the date of the accident. Our precedents pose no obstacle to *400 reaching the merits of Mr. Willette's contention that the statute should control on the question of entitlement to penalties, any rule provision to the contrary notwithstanding.

The Merits
Seeking benefits on account of temporary partial disability attributable to a 1993 industrial accident, Mr. Willette sent Gallagher Bassett eleven wage loss forms, each pertaining to a different two-week period in 1995 or 1996. For each period, he received the benefits he sought. Mr. Willette then filed a petition for benefits seeking late penalties, citing section 440.20(6), Florida Statutes (1995), which provides:
If any installment of compensation for death or dependency benefits, disability, permanent impairment, or wage loss payable without an award is not paid within 7 days after it becomes due, ... there shall be added to such unpaid installment a punitive penalty of an amount equal to 20 percent of the unpaid installment or $5, which shall be paid at the same time as, but in addition to, such installment of compensation,... unless such nonpayment results from conditions over which the employer or carrier had no control.
Entitlement to the temporary partial disability benefits themselves has never been in dispute. The parties stipulated that not one of the eleven payments was mailed within seven days of the carrier's receiving the wage loss forms, although it is clear that all were mailed within fourteen days, and that each of the wage loss forms demonstrated eligibility for temporary partial disability benefits. Fla. Admin. Code R. 38F-26.003.
The judge of compensation claims denied penalties nevertheless, on the purported authority of Florida Administrative Code Rule 38F-3.019, entitled "Wage Loss Benefits for Temporary Partial Disability (Dates of Accident August 1, 1979 through December 31, 1993)," which provides:
[W]ithin 14 days of receipt of the DWC-3 [wage-loss form] from the employee, the carrier shall complete calculation of benefits due, make any payments due....
Florida Administrative Code Rule 38F-3.019 assumed its present form on November 8, 1994, in the wake of enactment of chapter 93-415, Laws of Florida (which took effect on January 1, 1994), and has not been amended in pertinent part since. A separate rule, Florida Administrative Code Rule 38F-3.0191, addresses temporary disability benefits payable on account of industrial accidents that occur on or after January 1, 1994.
We have had occasion previously to construe other provisions of section 440.20, Florida Statutes, as amended by section 26, chapter 93-415, Laws of Florida. In connection with subsection (7) of section 440.20, Florida Statutes (Supp.1994)rather than subsection (6), which applies in the present casewe said in Bell:
There was no delinquency in the payment of the settlement, and thus no liability for a penalty to compensate for such a delinquency, until after the effective date of the 1994 amendments.
652 So.2d at 461. Mr. Bell's industrial accident had occurred before January 1, 1994. Similarly, in Litvin, we observed:
Instead, the claim arises upon the occurrence of each period of wage loss, and the 14-day time limit thus may be applied prospectively to wage loss periods occurring after the July 1, 1990 effective date of the amendment, without regard to the date of accident and injury.
599 So.2d at 1355-56. Mr. Litvin's industrial accident antedated "the July 1, 1990 effective date of the amendment." See generally Brown v. L.P. Sanitation, 689 So.2d 332, 333 (Fla. 1st DCA 1997)(holding that allowing recovery of overpayments made after January 1, 1994, does not give retroactive effect to a statute taking effect on January 1, 1994, in a case with an earlier date of accident: "The overpayments, not the industrial accident, gave rise to appellees' right to repayment.").
We conclude that section 440.20(6), Florida Statutes (1995), imposes a penalty for late payment of compensation due because of wage loss occurring after January 1, 1994, even where the industrial accident occurred before January 1, 1994, as in the present case. In contradistinction to Florida Administrative Code Rules 38F-3.019 and 38F-3.0191, nothing in the statute makes entitlement *401 to penalties depend on the date of the industrial accident. Determinative instead are the dates delimiting the period of wage loss as to which late payment is made.
With respect to section 26 of what became chapter 93-415, Laws of Florida, now codified as section 440.20, Florida Statutes, a Senate Staff Analysis and Economic Impact Statement revised November 1, 1993, stated: "The provisions of this section apply to all unsettled claims, regardless of the date of the accident." Language to this effect was also enacted into law: "This section applies to all claims that the parties have not previously settled, regardless of the date of the accident." § 440.20(11)(c), Fla. Stat. (Supp. 1994). The placement of the latter provision raises questions, but there is no ambiguity in the word "section." In context, "section" includes the entirety of section 440.20, Florida Statutes (Supp.1994), which has not been amended since chapter 93-415, Laws of Florida, was enacted.
While we once said that an "employer may decline to pay wageloss benefits until completed forms are submitted," Parker Lumber Co. v. Hart, 497 So.2d 948, 951 (Fla. 1st DCA 1986)(obiter dicta), we have never suggested that time for mailing should be added or that benefits become due any later than "the earliest date that E/C had knowledge of the compensable wage loss." Hulbert v. Avis Rent-A-Car Systems, Inc., 469 So.2d 235, 237 (Fla. 1st DCA 1985). Appellees had such knowledge here; they stipulated that the forms were adequate to demonstrate Mr. Willette's entitlement to temporary partial disability benefits.
Accordingly, we reject appellees' contention that benefits did not become due until five days after the claimant sent the wage loss forms, even though the forms each arrived (by courier) the day after being sent. Florida Rule of Workers' Compensation Procedure 4.030(c) does not apply. Here, for purposes of Florida Administrative Code Rule 38F-26.003, the event "from which the designated period of time begins to run" was the carrier's learning that benefits were owed. Nobody contends that the benefits to which the claim for penalties relates were due before the carrier received the claimant's wage loss forms.
Once seven days elapsed after each wage loss form was received without payment of the corresponding "installment[s] of compensation... without an award" in controversy here, the statute required that "there ... be added to [each] such installment a punitive penalty." § 440.20(6), Fla. Stat. (1995). To the extent section 440.20(6), Florida Statutes (1995), conflicts with Florida Administrative Code Rule 38F-3.019, the statute controls. "It is axiomatic that an administrative rule cannot enlarge, modify or contravene the provisions of a statute." State, Dep't of Bus. Regulation v. Salvation Limited, Inc., 452 So.2d 65, 66 (Fla. 1st DCA 1984). See also Campus Communications, Inc. v. Department of Revenue, 473 So.2d 1290, 1291 n. 1 (Fla.1985); DeMario v. Franklin Mortgage and Inv. Co., 648 So.2d 210 (Fla. 4th DCA 1994)(holding that an administrative rule could not shorten the time for filing a claim to ninety days, where the statute allowed claims to be brought within two years). A statute takes precedence over a rule. Accordingly, to the extent the order under review denies the claim for penalties and interest, the order is reversed, and the case is remanded for further proceedings consistent with this opinion.
Reversed and remanded.
ERVIN, J., concurs.
DAVIS, J., concurs in result only.