958 So.2d 1127 (2007)
ONE BEACON INSURANCE, Appellant,
v.
AGENCY FOR HEALTH CARE ADMINISTRATION, Appellee.
No. 1D05-5459.
District Court of Appeal of Florida, First District.
June 27, 2007.
*1128 Cindy R. Galen, of Eraclides, Johns, Hall, Gelman, Eikner & Johannessen, L.L.P., Sarasota, for Appellant.
Garnett W. Chisenhall, Chief Appellate Counsel, Tallahassee, for Appellee.
Edward J. Pozzuoli, and Stephanie Alexander, of Tripp Scott, P.A., Ft. Lauderdale, for Appellee, Amicus Curie, Florida Hospital Association.
Diane D. Tremor, and Chris H. Bentley, of Rose, Sundstrom & Bentley, L.L.P., Tallahassee, for Appellee, Amicus Curie, Florida Society of Ambulatory Surgical Center.
OPINION ON APPELLEE'S AND AMICUS CURIAE'S MOTIONS FOR REHEARING AND/OR CLARIFICATION
BROWNING, C.J.
We have for review the motions of Appellee Agency for Health Care Administration (AHCA) and amicus Florida Hospital Association (Association) seeking rehearing and clarification. Because we grant the motion for rehearing and clarification, the opinion herein is substituted for our opinion in One Beacon Insurance v. Agency for Health Care Administration, 32 Fla. L. Weekly D806 (Fla. 1st DCA Mar.28, 2007).
On August 15, 2003, Ambulatory Surgery Center (ASC) Tampa performed a service and billed Appellant $6,025.00. Appellant paid $651.51 in reimbursement, calculating that amount by noting the service was not listed in the Florida Workers' Compensation Reimbursement Manual for Ambulatory Surgical Centers (ASCRM), and then determining the usual and customary charges for that service in that community. ASC requested dispute resolution from the Agency for Health Care Administration (AHCA), which eventually decided that Appellant should have reimbursed $4,217.50 because the applicable version of the ASCRM required it to reimburse 70% of that individual service provider's *1129 usual and customary charge. Appellant timely sought review of the ruling. For the reasons below, we reverse.
Because the ASCRM was not amended between 1992 and 2005[1], the applicable version in the instant case is the 1992 version. It was adopted by reference in what was numbered, at that time, rule 38F-7.100, Florida Administrative Code, which provides that "when a procedure is performed which is not listed in the manual, . . . carriers must reimburse ambulatory surgical centers 70% of the ambulatory surgical center's usual and customary charge."[2] This administrative rule implemented the 1992 version of section 440.13(4)(b)5., Florida Statutes (1992), which states in pertinent part that "[r]eimbursement of a compensable ambulatory surgical center charge not itemized in the schedule of maximum reimbursement allowances shall be at 70 percent of the ambulatory surgical center's usual and customary charge." The statute and rule both clearly refer to a single ASC.
However, the statute was amended, effective January 1, 1994, to remove all reference to the charges of any individual service provider. Ch. 93-415, § 17, at 108-09, Laws of Fla. This amendment reveals the legislative intent to eliminate calculation of a "usual and customary charge" based on the fees of any one provider, in favor of a calculation of such charge based on average fees of all providers in a given geographical area. By so doing, the amendment created a conflict between the statute and the administrative rule. In cases of conflict, a statute takes precedence over an administrative rule. See Willette v. Air Prods., 700 So.2d 397, 401 (Fla. 1st DCA 1997). Accordingly, we REVERSE the ruling below, and REMAND for further proceedings consistent with this opinion.
WOLF and KAHN, JJ., concur.
NOTES
[1] See 31 Fla. Admin. W. 1504-05 (Apr. 22, 2005).
[2] This rule was renumbered as the Division of Workers' Compensation was moved among different governmental departments and agencies; effective July 1, 2002, it was known as 4L-7.100 (under the Department of Insurance and, as to the Medical Services Unit, under AHCA), and, effective January 1, 2003, it became known as rule 69L-7.100 (under the Department of Financial Services and, as to the Medical Services Unit, under AHCA). See Lloyd Harger, Workers' Compensation, A Brief History, http://www.fldfs.com/WC/ history.html (last visited February 27, 2007).