# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1990

_____

LIBRADA GONZALEZ IZAGUIRRE,

Appellant,

v.

BEACH WALK
RESORT/TRAVELERS INSURANCE,

Appellees.

_____

On appeal from an order of the Judge of Compensation Claims.
Geraldine B. Hogan, Judge.

Date of Accident:  April 30, 2016.

May 16, 2019

PER CURIAM.

Izaguirre, a workers' compensation claimant, appeals the order denying benefits. The Judge of Compensation Claims ("JCC") denied benefits after striking Izaguirre's independent medical examiner ("IME") report. As authority, the JCC relied on section 440.13(5)(a), Florida Statutes (2015), which requires parties selecting IMEs to notify all parties within fifteen days of the examination. "Failure to timely provide such notification *shall* preclude the requesting party from submitting the findings of such IME in a proceeding before a [JCC]." § 440.13(5)(a), Fla. Stat. (2015) (emphasis added.) Izaguirre concedes that she did not

provide timely notice, but she argues exclusion of the evidence under this provision is directory, not mandatory. Thus, she argues the JCC erred by failing to address the discretionary factors, such as prejudice to the opposing party, which typically must be considered whenever evidence is excluded based on untimely disclosure. *See, e.g., Med. Logistics, Inc. v. Marchines*, 911 So. 2d 823, 824-25 (Fla. 1st DCA 2005).

We reject Izaguirre's characterization of the exclusionary language in section 440.13(5)(a), as merely directory. Based on its plain and ordinary meaning, the word "shall" in a statute usually has a mandatory connotation. *See Steinbrecher v. Better Constr. Co.*, 587 So. 2d 492, 494 (Fla. 1st DCA 1991). And, where the use of the word "shall" is accompanied by a penalty for failure to comply, a reading of the statute "leads inevitably to the conclusion that the provision is not amenable to an exercise of discretion." *Id.* (holding penalty for late payment of compensation is mandatory where statute states such penalty "shall be paid"); s*ee also Palm Springs General Hosp. v. Cabrera*, 698 So. 2d 1352, 1356 (Fla. 1st DCA 1997) ("The statutory language provides no support for the view that the statute is directory only, or that evaluation by expert medical advisors is to be left to the discretion of the judges of compensation claims"). Thus, because the Claimant failed to provide the statutorily required notice, the JCC was required to exclude the IME testimony.

AFFIRMED.

LEWIS, WINSOR, and M.K. THOMAS, JJ., concur.

---

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

---

Kimberly A. Hill of Kimberly A. Hill, P.L., Fort Lauderdale, for Appellant.

Steven H. Preston of Hicks, Porter, Ebenfeld & Stein, P.A., Miami, for Appellees.