WEBSTER, J.
In this workers’ compensation case, the employer seeks review of an order requiring it to pay attorney fees and costs to the claimant’s attorney. The employer argues that the claimant waived any right to recover attorney fees and costs from it when the claimant elected to seek benefits from the Florida Workers’ Compensation Insurance Guaranty Association (FWCIGA) after the self-insured workers’ compensation fund which had insured the employer became insolvent. We agree that such a conclusion is mandated by section 631.929, Florida Statutes (1997), and, accordingly, reverse.
In 1993, the claimant was injured while in the course of his employment. He subsequently filed various claims seeking disability benefits, penalties, interest, costs and attorney fees. In 1996, the self-insured workers’ compensation fund which had insured the employer became insolvent, and a notice of automatic stay was entered. In June 1997, the claimant requested that his claim for benefits be considered pursuant to section 631.929, Florida Statutes (1997), by FWCIGA. In July 1997, the claimant signed a “Notice of Ratification Pursuant to Florida Statutes 631.929” in which he acknowledged that his claim had been ratified by FWCIGA, and that he had 60 days within which to seek benefits from FWCIGA. The claimant further acknowledged that, “[i]f [he] agree[d] to seek benefits, [he] agree[d] to forego the remedy of seeking benefits from [his] employer or the insolvent fund”; and “that there [wa]s no entitlement to attorneys [sic] fees, penalties, interest, or costs on any claim presented on [his] behalf for payment to [FWCIGA].” The claimant elected to seek benefits from FWCIGA. FWCIGA initially rejected the claimant’s request for permanent total disability benefits. However, in early 1999, FWCIGA accepted the claimant as permanently and totally disabled.
Shortly after the claimant had been accepted as permanently and totally disabled, the claimant’s attorney filed a claim seeking attorney fees and costs from the employer. The employer and FWCIGA took the position that, when the claimant elected to seek benefits from FWCIGA pursuant to section 631.929, he waived any right he might otherwise have had to recover attorney fees and costs. The claimant’s position was that, while the statute precluded any claim for attorney fees or costs against FWCIGA, it did not prevent such a claim against the employer. The judge of compensation claims agreed with the claimant, concluding that the employer remained statutorily hable for benefits, including attorney fees, and that nothing in section 631.929 suggested a contrary result. This appeal follows.
The Florida Insurance Guaranty Association was created to “[p]rovide a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer.” § 631.51(1), Fla. Stat. (1991). Self-insur- *707 anee was not covered by the Florida Insurance Guaranty Association. See § 631.52(11), Fla. Stat. (1991). Effective January 1, 1994, the Florida Self-Insurance Fund Guaranty Association, Inc., was created to “provide a mechanism for the payment of covered claims under chapter 440 to avoid excessive delay in payment and to avoid financial loss to claimants because of the insolvency of a [self-insurance] fund.” Ch. 93-415, §§ 101, 112, at 203-09, 215, Laws of Fla. However, claimants whose dates of accident occurred before January 1, 1994, were barred from coverage by the Florida Self-Insurance Fund Guaranty Association. Ch. 93-415, § 101, at 204, Laws of Fla. In 1997, legislation was enacted creating FWCIGA, which merged the Florida Self-Insurance Fund Guaranty Association with the workers’ compensation insurance account from the Florida Insurance Guaranty Association. Ch. 97-262, § 20, at 4730-31, Laws of Fla. This legislation included an election of remedies option for pre-1994 claimants. Ch. 97-262, § 24, at 4740, Laws of Fla. Specifically, section 631.929, Florida Statutes (1997) (which became effective on May 30,1997), provides:
Election of remedies-An injured worker who has a date of accident which occurred before January 1, 199k, and is not receiving benefits due under chapter kW due to the insolvency of a self-insurance fund or its successors, regardless of the date declared insolvent by the court, may elect to seek medical care, treatment, and attendance, and compensation required under ss. kk0.15 and kk0.16 from the corporation [i.e., FWCI-GA] and forego the remedy to seek benefits from his employer or the insolvent self-insurance fund. An employee who so elects may be required to obtain medical care, treatment, and attendance through a managed care plan comporting with the requirement of s. 440.134 if the plan of operation so provides. An injured worker has 60 days to seek benefits from the corporation upon ratification by the corporation of his right to elect a remedy under this part. If the injured worker elects to pursue his remedy under the provisions of this part, the corporation may, with the agreement of the injured employee, pay a lump-sum payment in exchange for the corporation’s and employer’s release from liability for future medical and compensation expenses, as well as any other benefit provided under chapter 440. However, there shall be no entitlement to attorney’s fees, penalties, interest, or costs to be paid on any claim presented to the corporation under this part. This section shall not create any cause of action against any employer who purchased workers’ compensation insurance coverage pursuant to s. 440.38.
(Emphasis added.)
We find the language of section 631.929 to be relatively clear and unambiguous. It provides that, upon the insolvency of the employer’s self-insurance fund, a worker injured prior to January 1, 1994, “may elect to seek medical care, treatment, and attendance, and compensation required under ss. 440.15 and 440.16” from FWCIGA. However, if the claimant makes that election, he or she “forego[es] the remedy to seek benefits from his [or her] employer or the insolvent self-insurance fund.” In addition, if such an election is made, “there shall be no entitlement to attorney’s fees, penalties, interest, or costs to be paid on any claim presented” pursuant to the statute. We see no reason to search for some meaning of the words used by the legislature different from that conveyed by the clear, unambiguous, language. See, e.g., A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 1144, 137 So. 157, 159 (1931) (“The intention and meaning of the Legislature must primarily be determined from the statute itself and not from conjectures ali-unde. When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious mean *708 ing.”); American Bankers Life Assurance Co. v. Williams, 212 So.2d 777, 778 (Fla. 1st DCA 1968) (The courts are “without power to construe an unambiguous statute in a way which would extend, modify, or limit its express terms or its reasonable and obvious implications.”) Because we conclude that the language of the statute is clear, we find it unnecessary to rely on legislative history. However, the legislative history does appear to be consistent with our conclusion. The House of Representatives Committee on Financial Services Bill Research and Economic Impact Statement (dated April 7, 1997) for section 631.929 states (at page 7):
ELECTION OF REMEDIES
All pre-1994 claimants, including those claimants of insolvent successors of self-insurance funds, must choose to seek benefits either from the FWCIGA corporation, or from the employer or the insolvent self-insurance fund. Claimants electing to seek remedies through the corporation may be required to obtain medical care through a managed care plan. Such an election will not include any entitlement to attorneys [sic] fees, penalties, interests [sic] or costs to be paid on the claim.
In summary, we hold that, because section 631.929, Florida Statutes (1997), precludes any recovery of attorney fees or costs from the employer once the claimant has elected to seek benefits from FWCI-GA, the ruling of the judge of compensation claims to the contrary was error. Accordingly, we reverse.
REVERSED.
ERVIN and WOLF, JJ„ CONCUR.