ERVIN, J.
Dan Beth Medical and United Self Insured Services, the employer and carrier (E/C), appeal an order of the judge of compensation claims (JCC), awarding penalties and interest to Henry Snowden, the claimant, based upon the untimely payment of settlement proceeds pursuant to section 440.20, Florida Statutes (Supp. 1994). We reverse, because claimant waived his right to seek penalties and interest by proceeding under section 631.929, Florida Statutes (1997).
Consistent with section 631.929, Snow-den sought benefits from the Florida Workers’ Compensation Insurance Guaranty Association (FWCIGA) after his employer’s insurance carrier had filed for bankruptcy. The statute provides, in pertinent part:
An injured worker has 60 days to seek benefits from the corporation [FWCI-GA] upon ratification by the corporation of his right to elect a remedy under this part. If the injured worker elects to pursue his remedy under the provisions of this part, the corporation may, with the agreement of the injured employee, pay a lump-sum payment in exchange for the corporation’s and employer’s release from liability for future medical and compensation expenses, as well as any other benefit provided under chapter 440. However, there shall he no entitlement to attorney’s fees, penalties, interest, or costs to be paid on any claim presented to the corporation under this part.
(Emphasis added.)
The parties entered into a stipulation seeking approval from the JCC of a lump- *760 sum settlement, which the JCC approved on September 9, 1999. Snowden received his settlement checks on October 25, 1999. As required by section 440.20(7), settlement proceeds must be paid within seven days after the JCC issues an order approving the settlement, with an additional five days allowed for mailing. See, e.g., Palm Beach County Sch. Bd. v. Miller-Neal, 674 So.2d 759 (Fla. 1st DCA 1996). Snowden filed a petition for benefits seeking penalties and interest for late payment of settlement proceeds, which the JCC granted. The JCC ruled that the waiver provision of section 631.929 did not apply, because it precluded penalties and interest associated with any claim against FWCIGA, whereas Snowden sought penalties and interest on a late payment of settlement proceeds. We disagree.
It is not entirely clear, but the JCC appeared to construe the waiver provision of section 631.929 as applicable to a claimant’s initial claim for benefits, but not to the actual payment of those very benefits pursuant to a lump-sum agreement. The waiver provision, however, follows immediately after the provision authorizing lump-sum settlements. The word “claim” is not defined anywhere in chapter 631, and is not used elsewhere in section 631.929. There is no reason to conclude that the waiver provision does not encompass a claimant’s request for benefits, which may be satisfied by lump sum payment.
The JCC may have construed the waiver provision as applicable to claims against FWCIGA, but not the employer. This, too, is erroneous. Shear Homes, Inc. v. Sheppard, 764 So.2d 705 (Fla. 1st DCA 2000) (section 631.929 precludes recovery of penalties from the employer when the claimant has elected to seek benefits from FWCIGA).
REVERSED and REMANDED for further proceedings consistent with this opinion.
KAHN and POLSTON, JJ., Concur.